UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary A. RICKMAN,
Defendant–Appellant.

No. 80–1113.

United States Court of Appeals,
Tenth Circuit.

Nov. 13, 1980.

Rehearing Denied Dec. 5, 1980.

Francis M. Wikstrom, Ogden, Utah (James P. Buchele, U. S. Atty., John Oliver Martin, Asst. U. S. Atty., Topeka, Kan., with him on brief), for plaintiff–appellee.

Donald W. MacPherson, Phoenix, Ariz. (Mark Richard McClellan and Grant & MacPherson, Phoenix, Ariz., with him on briefs), for defendant–appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant–appellant, a tax protestor, was found guilty by a jury on a two–count

charge of wilfull failure to file federal income tax returns for 1975 and 1976 in violation of 26 U.S.C. § 7203. We affirm.

The first claim for reversal is that his prosecution was unconstitutionally selective and discriminatory. Defendant was employed by the Kansas City, Kansas, Community Junior College as a mathematics professor and by Montgomery Ward as a collector. As a teacher he told his classes that the federal tax laws were unconstitutional. A daughter of an agent of the Internal Revenue Service, IRS, was a member of one of his classes. Defendant says that his prosecution resulted from his vocal opposition to the tax laws. In his written motion to dismiss for selective prosecution, defendant filed a memorandum saying that: he "believes that thousands of others within this Court's jurisdiction have, * * * been required to file tax returns but have failed to make such filings." A motion for discovery sought information as to the number of those who were required, but failed, to file federal income tax returns for 1975 and 1976, the number of § 7203 prosecutions brought in the court before which he was charged charging violations for the same years, and the method used to select individuals who were prosecuted. The court denied both discovery and the motion to dismiss.

■ The Supreme Court has said that selective enforcement is not of itself a constitutional violation so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446. See also *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 669, 54 L.Ed.2d 604. The elements which a defendant must establish to sustain selective enforcement are stated in *Barton v. Malley*, 10 Cir., 626 F.2d 151, 155, and *United States v. Berrios*, 2 Cir., 501 F.2d 1207, 1211. They need not be repeated here. It is enough to say that defendant established none of the necessary elements. The trial court correctly held that the defendant's showing was insufficient to justify the requested discovery and properly denied the motion to dismiss.

■ In the final analysis defendant's claim of selective prosecution rests on his argument that he was charged because of his outspoken criticism of the federal income tax laws. Neither aggressive display of opposition to a law, nor blatant challenge that the government prosecute, creates immunity from, or defense to, prosecution. *United States v. Stout*, 7 Cir., 601 F.2d 325, 328. See also *United States v. Catlett*, 8 Cir., 584 F.2d 864, 866–867. The defense claim of selective prosecution has no merit.

■ Defendant says that the government violated the Privacy Act of 1974, 5 U.S.C. § 552a, because IRS Form 1040 did not inform taxpayers of the specific criminal penalties which they may face when they wilfully fail to file a tax return. The record contains the instructions which accompany Form 1040 and contain this admonition:

> "The routine uses which may be made of tax return information include disclosure to the Department of Justice in connection with actual or potential criminal prosecution or civil litigation; * * *."

Nothing in the Privacy Act, and no decision of which we are aware, requires a notice of the specific criminal penalty which might be imposed. Such specific notice is not required. Otherwise, a mass of penal law would have to be mentioned in the notice. Defendant's claim amounts to no more than an assertion that he was ignorant of the law. The argument is unpersuasive. He filed returns for previous years and did not do so in 1975 and 1976.

Indictment Count I charges failure to file a return for calendar year 1975. Count II makes the same charge for 1976. The record contains as Government Ex. 10 a copy of defendant's return for 1975. We find no copy of his 1976 return. Items 9 to 18 and 20 each show in the appropriate column the figures "000.00." Items 21a and 22 show income tax withheld in the amount of 138.-64. Item 25 notes that amount for refund to defendant. Opposite Items 9–15, is a

handwritten notation "(No Dollars) See the attached." On the second page of the return in large handwritten letters appears "N/A." Attached to the 1975 return is a copy of an employer's W–2 Form withholding statement. The figures showing wages are crossed out and below them is written "–0–" and "See Schedule A." That Schedule is a protest against federal income taxes.

On cross–examination defendant admitted that in 1975 he received from his two employers $13,457.56 and in 1976 $22,552.31. Sections 6011 and 6012, Title 26 U.S.C., require that he file a return.

■ Defendant argues that the use of the zero gives income information from which the tax can be computed and, hence, is sufficient. United States v. Porth, 10 Cir., 426 F.2d 519, 523, sustained a conviction for failure to file when the purported return contained only the defendant's name, address, and reference to constitutional provisions which defendant claimed excused him from filing. No information from which a tax could be computed was furnished and hence the document was not a return. Id.

In Florsheim Bros. Co. v. United States, 280 U.S. 453, 462, 50 S.Ct. 215, 218, 74 L.Ed. 542, the Court referred to a corporate return purporting to show income, deductions, and credits and said that the return "must honestly and reasonably be intended as such." Defendant's 1975 return did not reflect his income. Tax protestors cannot escape the criminal penalty for failure to file by such blatantly devious means. The request for refund of tax withheld shows that he received income and he made no disclosures from which a tax might be determined. To the extent that this decision is inconsistent with United States v. Long, 9 Cir., 618 F.2d 74, we respectfully disagree with that decision.

■ Defendant argues that the Federal Reserve Notes in which he was paid were not lawful money within the meaning of Art. 1, § 8, United States Constitution. We have held to the contrary. United States v.

Ware, 10 Cir., 608 F.2d 400, 402–403. We find no validity in the distinction which defendant draws between "lawful money" and "legal tender." Money is a medium of exchange. Legal tender is money which the law requires a creditor to receive in payment of an obligation. The aggregate of the powers granted to Congress by the Constitution includes broad and comprehensive authority over revenue, finance, and currency. Norman v. B. & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885. In the exercise of that power Congress has declared that Federal Reserve Notes are legal tender and are redeemable in lawful money. Defendant received Federal Reserve Notes when he cashed his pay checks and used those notes to pay his personal expenses. He obtained and used lawful money.

Federal income tax is imposed in terms of dollars. 26 U.S.C. § 1. The contention that the use of "$" as the dollar sign in § 1 and in Form 1040 creates an ambiguity is the height of absurdity. See United States v. Brown, 10 Cir., 600 F.2d 248, 259. "$" is the recognized symbol for a dollar. Webster's New International Dictionary, 2d Ed., p. 3007. In United States v. Ware, supra, 608 F.2d at 402–403, we rejected the claim that earnings must be valued in terms of gold dollars. In Ware we also rejected the argument that changes must be made in income values to reflect inflationary economic conditions. Id. at 406–407.

■ Defendant makes a scattered attack on the instructions, both those given and those rejected. The instructions on wilfullness and intent were correct and adequate. No need exists for us to rehash what we said in United States v. Peister, 10 Cir., 631 F.2d 658, opinion filed August 4, 1980, and United States v. Hudler, 10 Cir., 605 F.2d 488, 490–491.

The request that the jury be instructed that a finding of bad purpose or evil intent is required to convict was properly rejected. United States v. Pomponio, 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12; United States v. Hudler, supra, 605 F.2d at 490; and United States v. Dillon, 10 Cir., 566 F.2d 702, 703–704. Defendant argues

that the failure of the court to give an ignorance of the law instruction was error because it was critical to the defense theory. Defendant filed federal income tax returns for years before the two years in question. He knew his legal duty. The issue is whether his failure to file was wilfull and with the specific intent to violate what he knew to be his legal duty. The instructions covered wilfullness and intent.

Defendant claims error in the instruction that Federal Reserve Notes are lawful money. We have held that they are. The instruction was proper. Viewed as a whole the instructions were fair, adequate, clear and understandable. They permitted consideration of every defense which defendant offered and allowed acquittal if the jury believed the defendant. See *United States v. Hudler*, supra, 605 F.2d at 491.

Affirmed.