RONALD J. HANSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanson v. Commissioner
Docket No. 11610-81.
United States Tax Court
T.C. Memo 1982-470; 1982 Tax Ct. Memo LEXIS 276; 44 T.C.M. (CCH) 846; T.C.M. (RIA) 82470; August 11, 1982. Ronald J. Hanson, pro se. R. Alan Lockyear, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge. Respondent determined deficiencies against petitioner in individual income tax, self-employment tax and additions to tax for the calendar years 1974 and 1975 as follows: DEFICIENCY IN
YEAR ENDED
INC. TAX AND/OR
ADDITIONS TO TAX
DEC. 31
SELF-EMPL. TAX
SECTION 6651(a)
SECTION 6654 [1]
1974
$6,623.89
$1,655.97
$211.46
1975
336.38
84.10
10.72
At the conclusion of the trial herein, respondent moved and was given leave to amend his answer so as to affirmatively allege petitioner's liability for additions to tax under section 6653(a), in the amounts of $331.19 for 1974 and $16.82 for 1975. All of the above amounts are in issue. Some *278 of the facts herein have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner is an individual whose residence at the time the petition herein was filed was in Logan, Utah. In envelopes postmarked July 3, 1980, petitioner sent to the Internal Revenue Service forms 1040 mared as "amended" individual income tax returns for the years 1974 and 1975. Said forms were received by the Internal Revenue Service at Ogden, Utah, on July 7, 1980. Aside from petitioner's name and address, and the first names of his alleged dependent children, said forms disclosed no information from which petitioner's gross income, allowable deductions, exemptions, taxable income or tax liability could be determined. In his statutory notice of deficiency herein, dated February 24, 1981, respondent made determinations as to petitioner's income, deductions, exemptions, and tax liability together with additions to tax, as set forth in the above table, based upon detailed information purportedly prepared by professional tax return preparers and supplied to respondent either by petitioner or by his wife. Neither in *279 his petition herein, nor at trial, did petitioner allege any factual error with respect to said determinations, and he presented no evidence with respect to any of respondent's said adjustments. Evidence was presented to the Court at trial that after the issuance of the statutory notice but prior to the filing of the petition herein, petitioner, in company with others, went to the offices of the Internal Revenue Service in Salt Lake City, Utah, and met there with respondent's representatives. At that time, petitioner offered to "pay" the tax, additions to tax and interest computed to date, on condition that respondent's representatives sign a "receipt" therefor, certifying under penalties of perjury that such amounts were exact, true and correct. Upon the refusal of respondent's representatives to accept this condition, the conference terminated without any payments by petitioner. Petitioner filed an income tax return for the year 1972. Petitioner failed to file individual income tax returns for the years 1974 and 1975. All or part of petitioner's underpayment of tax for the years 1974 and 1975 was due to petitioner's negligence or intentional disregard of rules and regulations *280 with respect to the filing of proper returns. With respect to respondent's determination of deficiencies of tax, and additions to tax under section 6651(a) and 6654, respondent's statutory notice of deficiency is presumptively correct, and petitioner has the burden of proof with respect to any alleged error on respondent's part. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [2] At no time -- either in his petition to this Court, at trial or on brief -- has petitioner alleged any factual error with respect to respondent's determinations as to his income, deductions, exemptions or tax. Instead, petitioner has at various times (either in his petition, at trial, in a "trial memorandum" [3], or on brief) raised one or more of a plethora of meritless objections to respondent's actions herein, all of which can fairly be characterized as insubstantial and sometimes frivolous "tax protestor" issues, all of which have previously been rejected by this and other courts. Bearing in mind that petitioner is not an attorney, and was not represented by counsel herein, and in view of the fact that respondent is not thereby prejudiced, we forbear in this case to invoke our *281 well-established rule that this Court will not consider issues not properly pleaded nor timely raised, Markwardt v. Commissioner,64 T.C. 989 (1975); Estate of Horvath v. Commissioner,59 T.C. 551, 555 (1973); Rules 31(a), 41(b). It will suffice here to identify briefly the various issues raised by petitioner and to indicate their lack of merit. (a) Petitioner complains of the additions to tax under sections 6651(a) and 6654, as determined by respondent, on the grounds that he filed a valid return for the years 1974 and 1975. In this, he relies specifically on the forms 1040 filed by him in 1980, as detailed in our findings above. A form 1040 which does not disclose any information as to a taxpayer's income and deductions does not constitute a valid return within the meaning of section 6012. United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). *282 The record herein further establishes that, up to the time of trial, petitioner had made no payments on account of estimated taxes. (b) Petitioner's argument that respondent's statutory notice is invalid because it is stated in terms of dollars (i.e., Federal reserve notes or currency) which are not lawful money of the United States is clearly frivolous. Ware v. United States,608 F.2d 400 (10th Cir. 1979); United States v. Rickman,638 F.2d 182 (10th Cir. 1980). (c) Petitioner challenges the validity of the proceedings before this Court, on the grounds that he was not given the right to a trial by jury. No such right exists with respect to proceedings before this Court, either under our rules, Rule 143(a), by statute, section 7453, or as a matter of constitutional right. Olshausen v. Commissioner,273 F.2d 23 (9th Cir. 1959), cert. denied 363 U.S. 820 (1960); Blackburn v. Commissioner,     F.2d     (6th Cir. June 23, 1982). (d) Petitioner contends that compensation for personal services is not within the term "income" in the constitutional sense despite the express provisions of the 16th Amendment *283 to the Constitution. Such an argument is clearly frivolous. Eisner v. Macomber,252 U.S. 189 (1920); Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Reiff v. Commissioner,supra.
(e) Petitioner appears to raise a generalized and unformulated objection that, in requiring him to file an income tax return, his rights under the Fifth Amendment of the Constitution with respect to self-incrimination have been violated. In order to invoke the Fifth Amendment protection against self-incrimination, a taxpayer must have reasonable cause to apprehend a danger of prosecution which is real and appreciable. United States v. Neff,615 F.2d 1235, 1239 (9th Cir. 1980) cert. denied 447 U.S. 925 (1980). No such demonstration was made in this case. The petitioner's refusal to answer all questions relating to his income or expenses in the so-called returns which were filed was unjustified. If a particular question called for an answer that he considered privileged under the Fifth Amendment, petitioner might raise an objection to answering that question; but he could not, on such account, refuse to make *284 any return at all. United States v. Sullivan,274 U.S. 259 (1927); United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. denied 449 U.S. 1010 (1980); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). (f) Petitioner alleges error on the part of the respondent, in that respondent refused to sign a certification that his determinations of tax, additions and interest were "true, correct and complete" as a precondition to petitioner making payment thereof. Respondent's determination speaks for itself and is complete so as to entitle petitioner to come to this Court and contest the amounts so determined without any such certification as petitioner demands here. Petitioner's contention is accordingly without merit. Sections 6212, 6213; Klinner v. Commissioner,T.C. Memo. 1979-312; Johnson v. Commissioner,T.C. Memo. 1979-313. (g) Petitioner contends on brief that section 62"is unconstitutional and, therefore, invalid because it discriminates against employees denying them equal protection under the law and it attempts to provide two separate definitions of the word *285 income, which Congress is not authorized to define." Rule 34(b), as relevant here, provides that the petition in this Court as to a determination of deficiency by respondent shall contain (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability * * *. Any issue not raised in the assignment of errors shall be deemed to be conceded * * *. (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * * *. Petitioner's petition to this Court contained no assignments of error or allegations of fact with respect to any item of deduction which respondent allowed or failed to allow petitioner in the determination of his tax liability for 1974 and 1975. Petitioner has accordingly failed to allege any justiciable error upon which relief can be granted. See Sidle v. Commissioner,T.C. Memo 1982-124. By amendment to his answer herein, respondent alleged that additions to the tax pursuant to section 6653(a) were due and owing from petitioner. As a new matter raised in his amended answer, the *286 burden of proof with respect to this issue is upon respondent. Rule 142(a). Section 6653(a) states in pertinent part: (a) Negligence of Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes.- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by Chapter 12 of subtitle B (relating to income taxes and gift taxes), * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to five percent of the underpayment. As we review the record in this case, we are satisfied that respondent has met his necessary burden of proof for the imposition of additions to tax for negligence here. The record shows that petitioner filed an effective return for 1972, and it is clear that petitioner was aware of the requirements for filing, as well as the methods by which his net taxable income and tax were to be determined. At trial and on brief, he showed considerable awareness of the tax laws, although his positions, as outlined above herein, were completely without merit, and he scrupulously avoided *287 any attempt to challenge the factual basis of respondent's determinations. We are satisfied that, at the least, the underpayment of tax resulting from petitioner's failure to file returns for 1974 and 1975 was due to negligence within the meaning of section 6653(a). The additions to tax as proposed by respondent under this section are therefore approved. Compare Reiff v. Commissioner,supra;Reuben H. Babcock v. Commissioner,T.C. Memo. 1979-372; Lawrence and Camille Babcock v. Commissioner,T.C. Memo. 1979-285. Decision will be entered for the respondent.
Footnotes
1. All section references are to sections of the Internal Revenue Code of 1954, as in effect in the years in issue, unless otherwise stated.↩
2. All references to rules herein are to the Rules of Practice and Procedure of the United States Tax Court. ↩
3. Which was not offered until the end↩ of the trial.