EDWARD DEAN CHRISTENSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christensen v. Commissioner
Docket No. 6718-79.
United States Tax Court
T.C. Memo 1982-672; 1982 Tax Ct. Memo LEXIS 71; 45 T.C.M. (CCH) 160; T.C.M. (RIA) 82672; November 22, 1982. Edward Dean Christensen, pro se. *72 Randy G. Durfee, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies against petitioner in individual income tax, plus additions to tax, for the calendar years 1972 through 1977 as follows: TAXABLE YEAR
ENDED
DEFICIENCY IN
ADDITIONS TO TAX UNDER SECTIONS [1]
DECEMBER 31
INCOME TAX
6651(a)
6653(a)
6653(b)
1972
$13,486.69
$6,743.35
1973
22,024.63
11,012.31
1974
16,629.20
8,314.60
1975
22,178.98
5,544.75
1,108.95
1976
14,603.41
3,650.85
730.17
1977
427.00
106.75
21.35
All such amounts are in dispute, together with a claimed overpayment by petitioner for the year 1972 of income tax in the amount of $11,783.30. FINDINGS OF FACT Some of the facts herein have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. During *73 the years 1972 through 1977, petitioner was a single individual, and resided for some undisclosed part of the period in the State of Utah, and resided in the State of Washington for another undisclosed part of the period. At the time of filing his petition herein, petitioner was a resident of Salt Lake City, Utah. Petitioner timely filed U.S. individual income tax returns for the years 1968, 1969, 1970 and 1971. Petitioner did not file income tax returns for the years 1972 through 1977. On or about October 26, 1979, petitioner mailed to respondent's Service Center at Ogden, Utah, Forms 1040, executed by him, and purporting to be his individual income tax returns for the years 1972 through 1977. Aside from his name, address and social security number, none of said forms contained any information from which petitioner's taxable income and tax liability could be determined. During the taxable years 1972, 1973, 1974, 1975, and in the year 1976 up to the month of July, when he retired, petitioner was employed as a commercial airline pilot for United Airlines. In July, 1976, petitioner retired from this employment and thereafter, in 1976 and 1977, received retirement pension payments *74 from United Airlines. The salary paid to petitioner by United Airlines during his period of employment and prior to his retirement was as follows: YEAR
GROSS SALARY
1972
$44,403.86
1973
45,214.52
1974
47,643.66
1975
55,471.63
1976
32,478.33
For and during each of the years 1973, 1974, 1975 and 1976, petitioner filed an exemption certificate on Form W4-E with his employer, United Airlines, in which petitioner certified under penalties of perjury that he had incurred no Federal income tax liability for the immediately preceding year, and that he anticipated no such liability for the current year. As the result of these actions by petitioner, United Airlines withheld only $1,356.02 from petitioner's salary on account of Federal income tax for 1973, and withheld nothing on account of Federal income tax from petitioner's salary for the years 1974, 1975 and 1976. In the year 1955, petitioner purchased a parcel of real estate near Elgin, Illinois, at an undisclosed price. On October 31, 1972, petitioner sold 3.057 acres of this tract, for cash, and received $65,000 in sales proceeds. In the year 1973, a further portion of this tract, consisting of 13.842 *75 acres, was sold by petitioner for an undisclosed price. In 1976, petitioner sold a further portion of the above tract for an undisclosed price. On January 18, 1978, after a trial by jury in the United States District Court for the Western District of Washington, petitioner was found guilty of willful failure to file U.S. individual income tax returns for the calendar years 1972, 1973 and 1974, under the provisions of section 7203. In his statutory notices of deficiency for the years involved herein, respondent determined that petitioner had unreported gross income in each of the years from various specific sources, including, inter alia, petitioner's salary and pension from United Airlines, dividends, capital gains, and income or loss from partnership distributions. Respondent accordingly determined deficiencies and further determined additions to tax under section 6651(a) and 6653(a) for the years 1975, 1976 and 1977, and under section 6653(b) for the years 1972, 1973 and 1974, as set forth in the first table given above herein. Petitioner's failure to file income tax returns for the years 1972, 1973 and 1974 was willful and was done fraudulently with the intent of evading *76 tax. Petitioner's execution and filing of false withholding exemption certificates for the years 1973 and 1974 was likewise done fraudulently with intent to evade tax. Part of the underpayment of tax required to be shown on petitioner's income tax returns for each of the years 1972 through 1974 was due to fraud. OPINION At no time -- either in his petition to this Court, at trial or on brief -- has petitioner alleged any factual error with respect to respondent's determinations as to petitioner's income, deductions, exemptions or tax. Instead, petitioner, in his petition herein as well as in two pretrial memoranda which were filed with the Court, has raised a host of legal objections to respondent's actions herein, all of which are insubstantial and meritless, and all of which have previously been rejected by this and other courts, to the point where such issues may now fairly be characterized as frivolous. [2] Of this plethora of worthless legal issues, only three survived the trial process and were perpetuated into petitioner's briefs, and the rest are therefore deemed to be abandoned. The three issues which survived, and our disposition of them, are as follows: *77 (a) The principal "constitutional" issue upon which petitioner relies is the proposition that only gold and silver is lawful money of the United States; that it is unconstitutional and illegal for the United States Government, the Federal Reserve System or any branch thereof to issue and circulate anything other than gold or silver dollars as lawful money, i.e., legal tender; that it is therefore improper for respondent to determine petitioner's income, deficiencies of tax and additions to tax in anything other than gold or silver, or even to require that tax returns be filed on any basis other than gold or silver, with the result that all of respondent's determinations herein are unconstitutional, illegal and even criminal, and must therefore be set at naught by this Court. Such arguments are merely refinements and variations on a theme which has been litigated many times previously before this and other courts, with results uniformly opposed to petitioner's position, and we therefore summarily reject them. United States v. Rickman,638 F.2d 182 (10th Cir. 1980); Ware v. United States,608 F.2d 400 (10th Cir. 1979); United States v. Anderson,584 F.2d 369 (10th Cir. 1978). *78 (b) Petitioner further argues that in any event the wages or salaries of natural citizens (as opposed to the income of corporations) are not subject to the income tax. The law is so clearly to the contrary that this can no longer be considered a serious issue. Eisner v. Macomber,252 U.S. 189 (1920); Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); United States v. Slater,545 F. Supp. 179 (D. Del. 1982); Graf v. Commissioner,T.C. Memo. 1982-317. (c) In spite of the denial of his two prior motions, and in spite of the Court's explanation thereof to petitioner at trial, petitioner persists in demanding a jury trial before this Court. Such a procedure is neither provided for by our enabling statutes, see section 7453, nor is it constitutionally mandated. Olshausen v. Commissioner,273 F.2d 23 (9th Cir. 1959), cert. denied 363 U.S. 820 (1960); Blackburn v. Commissioner,681 F.2d 461 (6th Cir. 1982). As to all the deficiencies and additions to tax determined by respondent in this case, other than the additions to tax under section 6653(b), the burden of proof *79 in this case is upon petitioner to show error in the respondent's determinations, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since petitioner neither pleaded nor proved any factual error in respondent's determinations, and his legal positions being without merit, as we have noted, we hold that he has failed to carry his necessary burden of proof on these issues, and respondent's determinations of deficiency in tax for all the years before us, together with additions to tax under section 6651(a) and 6653(a) for the years 1975, 1976 and 1977, are therefore sustained. With respect to the asserted additions to tax under section 6653(b) [3] for the years 1972, 1973 and 1974, the situation is different. Here, the respondent has the burden of proof, and he must carry that burden by clear and convincing evidence. Section 7454(a), Rule 142(b). Respondent's determinations in this regard are not evidence, nor are unadmitted allegations in pleadings. Rule 143(b); Kashat v. Commissioner,229 F.2d 282 (6th Cir. 1956); Drieborg v. Commissioner,225 F.2d 216 (6th Cir. 1955). *80 Fraud, as used in section 6653(b), means actual intentional wrongdoing. Mitchell v. Commissioner,118 F.2d 308 (5th Cir. 1941). The intent required is a voluntary, intentional violation of a known legal duty; in this case, to evade a tax believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3rd Cir. 1968), cert. denied 393 U.S. 1020 (1969); Estate of Temple v. Commissioner,67 T.C. 143, 159 (1976), appeal dismissed (5th Cir. 1977). Where direct evidence of fraudulent intent is not available, its existence may be determined from the conduct of the petitioner and the surrounding circumstances. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96 (1969). The Supreme Court has stated that an "affirmative willful attempt may be inferred from * * * any conduct, the likely effect of which would be to mislead or conceal." Spies v. United States,317 U.S. 492, 499 (1943). Viewing the record herein in light of the above legal standards, we conclude that respondent has carried his necessary burden of proof to establish petitioner's *81 fraud within the meaning of section 6653(b) for the years 1972, 1973 and 1974. Respondent has proved, and we have found, the amount of salary received by petitioner from United Airlines in 1972, 1973 and 1974, in amounts clearly sufficient to require petitioner to file returns for those years. Section 6012. For the year 1972, in addition to proving the amount of petitioner's salary, respondent also proved that petitioner received $65,000 from the sale of a capital asset, which by itself would have called for the filing of a tax return, even if no gain and resulted from the sale. Petitioner was an educated man holding a responsible position as an airline pilot for United Airlines, and it cannot be and is not argued that he was unaware of his return-filing requirements, as is shown by the fact that he timely filed his individual income tax returns for the years 1968 through 1971. That petitioner's failure to file returns for 1972, 1973 and 1974 was willful is proved by his conviction for failing to file returns for those same years under the provisions of section 7203, and establishes that his failure to file involved the "voluntary, intentional violation of a known legal duty, *82 " involving the element of bad faith or evil intent. See United States v. Bishop,412 U.S. 346, 360 (1973). [4] Petitioner's consistent and blatant failure to file returns, based on nothing more than the "tax protester" grounds which, we are satisfied, petitioner knew were frivolous, supports a finding of fraud, cf. Fuhrmann v. Commissioner,T.C. Memo. 1982-255, as does the consistent failure to report substantial amounts of income. See Estate of Mazzoni v. Commissioner,451 F.2d 197 (3d Cir. 1971); Schwarzkopf v. Commissioner,246 F.2d 731 (3d Cir. 1957). Respondent has also proved that petitioner filed withholding certificates with his employer for 1973 and 1974, falsely certifying that he had incurred no tax liability for the immediately preceding *83 year and that he anticipated no tax liability for the current year. It is clear that these were affirmative fraudulent acts. Compare Nielson v. Commissioner,T.C. Memo. 1980-453; Fuhrmann v. Commissioner,supra.
We conclude that respondent has carried his burden of proof and has established that petitioner fraudulently intended to evade taxes that he knew were due and owing for the years 1972, 1973 and 1974, and that additions to tax for those years under sections 6653(b) are therefore properly imposed. Cf. Gaar v. Commissioner,T.C. Memo. 1981-696; Fuhrmann v. Commissioner,supra.
Decision will be entered for the respondent.
Footnotes
1. All section references are to sections of the Internal Revenue Code of 1954, as in effect in the years in issue, and all references to Rules are to the Rules of Practice and Procedure of the Tax Court, unless otherwise stated.↩
2. As raised by the petition herein, such frivolous legal issues included the following: (a) nothing other than gold or silver is lawful money, therefore determining petitioner's income and resulting tax deficiencies in anything other than gold and silver constitutes taking property without compensation within the meaning of the Fifth Amendment to the Constitution; (b) forcing petitioner to pay such deficiencies constitutes involuntary servitude within the meaning of the Thirteenth Amendment to the Constitution↩; (c) this Court is not a court, is unconstitutionally constituted and lacks jurisdiction over the subject matter of this controversy; (d) the income tax laws do not apply to natural persons such as petitioner nor to his wages; (e) the questions promulgated on respondent's Form 1040 are unconstitutional; (f) petitioner has been unconstitutionally deprived of his right to a jury trial before this Court. The petition also claims an overpayment in the amount of $11,783.30, but alleges no factual or legal basis in support thereof.
3. The relevant portion of section 6653(b) reads as follows: (b) Fraud. - If any part of any underpayment (as defined in subsection (c) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.↩
4. The Forms 1040 filed by petitioner with respondent in 1979, with respect to the years before us, containing no information from which his tax liability could be ascertained, are clearly not returns of income within the meaning of the law. United States v. Porth,426 F.2d 519 (10th Cir. 1970); United States v. Rickman,supra.↩