PERRY JACK PIERCE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierce v. Commissioner
Docket No. 35381-84.
United States Tax Court
T.C. Memo 1986-283; 1986 Tax Ct. Memo LEXIS 324; 51 T.C.M. (CCH) 1399; T.C.M. (RIA) 86283; July 8, 1986. Perry Jack Pierce, Jr., pro se. Anne M. DiFonzo, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's income tax, as modified after trial: Taxable Year
Additions to Tax
Ending
Deficiency
Sec. 6653(b) [1]
Sec. 6654(a)
12/31/80
$4,062.18
$2,031.09
$182.93
12/31/81
5,590.00
2,795.00
428.32
The Court having dismissed the case for lack of prosecution as to all issues as to which petitioner had the burden of proof, the only issue remaining for decision *325 is the additions to tax for fraud under section 6653(b) as to which respondent has that burden. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a) and (b). FINDINGS OF FACT Petitioner resided in Herkimer, New York at the time these proceedings commenced. Petitioner filed Federal income taxes for the years 1977, 1978, and 1979 in which were reported wages from Brown-Randall, Inc. of $17,013.86 for 1977, $18,711.62 for 1978, and $24,371.81 for 1979. [2] In each of these years, the return showed an overpayment which was refunded. Petitioner failed to file any Federal income tax return for either 1980 or 1981. During part or all of the years 1980 and 1981, petitioner worked as a salesman for Brown-Randall, Inc. and received as compensation therefor $19,184.54 in 1980 and $20,744.67 in 1981. Petitioner was furnished Forms W-2 by Brown-Randall, Inc. with respect to such payments. Prior to June 1980, petitioner had filed with Brown-Randall, Inc. an Employee's Withholding Allowance Certificate (Form W-4) in which he claimed married *326 filing status with zero exemptions. In 1980 and again in 1981, petitioner filed Forms W-4 with Brown-Randall, Inc. in which he claimed that he was exempt from withholding; said Forms W-4 were false and were designed by petitioner to avoid withholding. ULTIMATE FINDING OF FACT Petitioner underpaid his Federal income tax for each of the taxable years 1980 and 1981 and a part of each such underpayment was due to fraud. OPINION When this case was called for trial on March 17, 1986 at Buffalo, New York, pursuant to prior notice to the parties, the Court initially gave its attention to a motion by respondent for an Order to Show Cause Why Proposed Facts in Evidence Should not be Accepted as Established. A hearing on that motion had been set by order of the Court, which was served on the parties on February 28, 1986. Petitioner was present when the case was called for trial and later on March 17, 1986, when the hearing on respondent's motion was held. At that hearing, the Court ruled on respondent's motion and, to the extent that its rulings accepted certain facts as established, such facts have been so found. [3] Petitioner offered no substantive contentions to challenge respondent's *327 proposed findings nor did he indicate to the Court that he had any such contentions or that he had offsetting deductions, exemptions, or credits against tax. At the hearing on March 17, the Court set the case for trial on March 21, 1986. When the case was called for trial on March 21, pursuant to the Court's March 17 oral notice to the parties, respondent presented his evidence to establish the addition to tax for fraud. Neither petitioner nor any representative attended the March 21 trial. After the trial, the Court issued an order, dated March 27, 1986, in which it set forth respondent's revised determinations as indicated at the outset of this opinion, to which it attached a copy of respondent's trial memorandum and his *328 covering letter to the Court and in which the Court indicated that it would enter a decision in these amounts unless petitioner filed, on or before April 30, 1986, a response to respondent's trial memorandum and proposed decision. Petitioner has filed no response. We now turn to the issues involved in respondent's determination of deficiencies for 1980 and 1981. Initially, we note that petitioner's attack on the jurisdiction of this Court is utterly without merit. Rowlee v. Commissioner,80 T.C. 1111, 1114 (1983). Petitioner's demand for "administrative level remedy and relief" must similarly be rejected; he has not furnished us with any basis which would justify our going behind the deficiency notice. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-328 (1974). The Court's dismissal of the case for failure properly to prosecute disposes of the issues involved in the deficiencies and the additions to tax under section 6654(a). In any event, petitioner must be held not to have carried his burden of proof on these issues since he neither presented, nor sought to present, any evidence with respect thereto.[4]Welch v. Helvering,290 U.S. 111 (1933); *329 Rule 142(a). To the extent that his position rests on the proposition that compensation for services is not taxable income, it is rejected. Hansen v. United States,744 F.2d 658, 660 (8th Cir. 1984); Rowlee v. Commissioner,supra at 1119-1122. Similarly, we reject petitioner's contention that he was not a "taxpayer." United States v. Stillhammer,706 F.2d 1072, 1077-1078 (10th Cir. 1983). Equally without merit is petitioner's contention that he was not paid in dollars. United States v. Rickman,638 F.2d 182, 184 (10th Cir. 1980); Hatfield v. Commissioner,68 T.C. 895, 897 (1977). As to the fraud issue, respondent must carry his burden of proof by clear and convincing evidence. Rule 142(b). The existence of fraud is a question of fact based upon the record as a whole and, *330 while fraud may not be presumed, it may be proved by circumstantial evidence. Castillo v. Commissioner,84 T.C. 405, 409 (1985). We think respondent has met his burden. [5]
Petitioner filed returns in the years prior to 1980. Under these circumstances, his failure to file with respect to 1980 and 1981 "weighs heavily against him." Castillo v. Commissioner,supra at 409. The same can be said of his use of false W-4 certificates in order to avoid withholding on what was clearly taxable income. His frivolous claim that compensation for services is not taxable income, as a justification furnished to his employer at the time he executed such certificates, is no answer. Rowlee v. Commissioner,supra at 1125. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Other items in small amounts for interest, dividends and state and local tax refunds were also reported on these returns.↩
3. The record contains a request for admissions by respondent but does not contain any response by petitioner. Under these circumstances, petitioner is deemed to have admitted each matter covered by the request. Rule 90. However, the relevant matters appear to have been covered by the Court's rulings on respondent's proposed stipulation of facts. Consequently, the Court has not taken into account any deemed admissions. See also note 4, infra.↩
4. Petitioner's claim of privilege under the Fifth Amendment, even if valid, does not relieve him of his burden of proof. United States v. Rylander,460 U.S. 752, 758-759 (1983); Steinbrecher v. Commissioner,712 F.2d 195, 198↩ (5th Cir. 1983), affg. a Memorandum Opinion of this Court.
5. We have limited our analysis of the existence of fraud to those facts for which we find support in the record, beyond those deemed stipulated with respect to which petitioner claimed the Fifth Amendment↩ privilege.