T.C. Memo. 2004-214

UNITED STATES TAX COURT

MARK R. HALCOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6010-03.            Filed September 22, 2004.

Mark R. Halcott, pro se.

<u>Richard D. D'Estrada</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined an $8,719 deficiency
in petitioner's Federal income tax for 2000 (year in issue), a
$1,227 section 6651(a)(1) addition to tax, and a $240 section
6654(a) addition to tax.[1]  After concessions, the remaining issue

_____

    [1] Unless otherwise noted, all section references are to the
Internal Revenue Code in effect for the year in issue, and all
                                                (continued...)

for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1) for the year in issue.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Colorado.

Petitioner sent respondent a Form 1040, U.S. Individual Income Tax Return, for 2000 with zeros filled in for all items, except for Federal tax withheld, total payments, amount overpaid, and amount to be refunded. Petitioner attached two W-2 statements, Wage and Tax Statement, reporting wages earned of $50,539, and a 2-page form letter containing tax-protester arguments. Petitioner signed and dated the Form 1040, and wrote "N.O.Y.B." for his daytime telephone number. Respondent did not treat petitioner's Form 1040 as a processable tax return.

On January 22, 2003, respondent sent petitioner a notice of deficiency, determining that petitioner owed a deficiency of $8,719 on the basis of the attached W-2 statements and additions

---

[1](...continued)
Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2] By order dated Aug. 5, 2003, the Court deemed conceded by petitioner the deficiency pursuant to Rule 34. Respondent conceded the sec. 6654(a) addition to tax.

to tax of $1,227 and $240 under sections 6651(a)(1) and 6654(a), respectively.

On April 21, 2003, petitioner filed with the Court a petition containing 12 pages of tax-protester arguments. On June 6, 2003, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. The Court ordered petitioner to file an amended petition in which petitioner sets forth "with specificity each error petitioner alleges was made by the respondent in the determination of the deficiency and additions to tax, and separate statements of every fact upon which petitioner bases the assignment of each error." The Court also ordered the case calendared for a hearing on respondent's motion at the July 30, 2003, Motions Session of the Court.

On June 27, 2003, petitioner filed with the Court an amended petition which contained, for the most part, tax-protester arguments. After the hearing, at which petitioner did not appear, the Court ordered: (1) Respondent's motion be denied; (2) all statements and allegations set forth in the amended petition be stricken, with the exception of two paragraphs; and (3) any issue that was not raised by the excepted two paragraphs be deemed conceded pursuant to Rule 34.

The paragraphs that the Court did not strike in the amended petition state:

> 13.   Aggrieved Petitioner further complains that United States of America by and through its Congress and IRS have such a complicated code that is incomprehensible and that at no time did IRS inform Petitioner how to file a claim showing no liability for a tax, but Petitioner has heard of others who have gone to prison for not filing a return, under threat, duress to be on the safe side, Petitioner filed returns showing no liability for tax year 2000 and 2001.   If such is an error, IRS had a ministerial duty to communicate and inform Petitioner on how to correct the IRS records to avoid error.

> 14.   Aggrieved Petitioner further complains that United States of America and IRS knows or should know, even if Petitioner could be shown within the jurisdiction of Congress, that Internal Revenue Manual 4.19.1.6.2, states under "Identification of Frivolous Documents".

> "NOTE:   Returns having zeros or no tax entries and no evidence of frivolous arguments do not meet the criteria for FRP (Frivolous Return Program) processing", yet IRS claims unlawfully, the claim is frivolous.

### OPINION

After concessions, the remaining issue for decision is whether petitioner is liable for an addition to tax under section 6651(a)(1) for the year in issue because he filed a "zero tax return."

Section 7491(c) requires the Commissioner to carry the burden of production in any court proceeding with respect to the

liability of any individual for any addition to tax.[3] <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. <u>Id.</u> Once respondent meets his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect. <u>Id.</u>

Respondent argues that petitioner is liable for an addition to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is because of reasonable cause and not because of willful neglect. The issue is whether petitioner filed a valid return for section 6651(a)(1) purposes.

Respondent introduced at trial and the Court received into evidence petitioner's Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which indicated that respondent did not receive a processable Federal income tax

---

[3] In <u>Funk v. Commissioner</u>, 123 T.C. 213, 218 (2004), we held that when a taxpayer fails to state a claim in respect of penalties, additions to tax, and/or additional amounts, the Commissioner incurs no obligation to produce evidence in support of such determinations pursuant to sec. 7491. In the present case, the paragraphs that the Court did not strike in the amended petition relate to petitioner's argument that he is not liable for an addition to tax under sec. 6651(a)(1).

return from petitioner for the year in issue.  We find that respondent met his burden of production under section 7491(c), and, as a result, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination that petitioner is liable for the section 6651(a)(1) addition to tax is incorrect.  See Rodriquez v. Commissioner, T.C. Memo. 2003-105. In order to determine whether a tax return is valid, we follow the test enunciated in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986) (Beard test):

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

We have applied the Beard test to determine whether a return is valid for purposes of section 6651(a)(1).  See, e.g., Cabirac v. Commissioner, 120 T.C. 163, 169 n.10 (2003); Beard v. Commissioner, supra at 780; Unroe v. Commissioner, T.C. Memo. 1985-149; Counts v. Commissioner, T.C. Memo. 1984-561, affd. 774 F.2d 426 (11th Cir. 1985).

The critical requirement that there must be "an honest and reasonable attempt" to satisfy the tax law is clearly not met. Petitioner's attachment of two pages of tax-protester arguments to the Form 1040 contained arguments that have been consistently rejected by courts.  Further, petitioner's denial of tax liability and refusal to self-assess on the Form 1040 does not

evidence a reasonable attempt to file a tax return under the tax laws.  See Williams v. Commissioner, 114 T.C. 136, 143 (2000).

Additionally, the Form 1040 filed by petitioner did not contain sufficient information to constitute a valid return.  We have held that the attachment of a Form W-2 does not substitute for the disclosure on the form itself of income, deductions, credits, and tax liability.  Reiff v. Commissioner, 77 T.C. 1169, 1178 (1981); see Beard v. Commissioner, supra at 779.  Ignoring the Form W-2, the Form 1040 reports zero income, deductions, credits, and tax liability.  We have consistently held that a zero tax return is not a valid tax return because it does not contain sufficient information for respondent to calculate and assess a tax liability.  See Cabirac v. Commissioner, supra at 169; Cline v. Commissioner, T.C. Memo. 1982-44; see also United States v. Rickman, 638 F.2d 182, 184 (10th Cir. 1980); United States v. Porth, 426 F.2d 519, 523 (10th Cir. 1970).[4]

We conclude that petitioner's tax return did not constitute a valid return for section 6651(a)(1) purposes.  Further, petitioner did not provide evidence that his failure to file a valid tax return was because of reasonable cause and not because

---

[4]  We note that the Court of Appeals for the Ninth Circuit has held that a zero tax return is a valid tax return.  United States v. Long, 618 F.2d 74, 75-76 (9th Cir. 1980).  The Court of Appeals for the Tenth Circuit, the court to which this case is appealable, has expressly disagreed with the decision in Long. United States v. Rickman, 638 F.2d 182, 184 (10th Cir. 1980).

of willful neglect.  As a result, we hold that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a timely tax return for the year in issue.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.