T.C. Memo. 2005-199

UNITED STATES TAX COURT

RUSSELL W. COULTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13661-03.                    Filed August 16, 2005.

Russell W. Coulton, pro se.

<u>Linette B. Angelastro</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a deficiency of
$87,529 in petitioner's Federal income tax for 2001, a $21,882.25
addition to tax under section 6651(a)(1)[1] for failure to timely
file a return and a $3,497.97 addition to tax under section 6654
for failure to pay estimated income taxes for 2001.  After

---

[1]All section references are to the Internal Revenue Code in
effect for the year at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

concessions,[2] the sole issue for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to timely file a return. He filed a document purporting to be a return on which he claimed zero income and zero tax liability and to which he attached frivolous tax protester arguments. We hold that he is liable for the addition to tax.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Atascadero, California, at the time he filed the petition.

Petitioner submitted a Form 1040, U.S. Individual Income Tax Return for 2001 (1040 document), to respondent, on which petitioner entered zeros on each line regarding income and tax. Petitioner included his name, address, and Social Security number at the top of the 1040 document, claimed dependency exemptions for himself and his children (listing their names and Social Security numbers), and signed the 1040 document under penalties of perjury.

---

[2]The parties agree that petitioner is liable for a deficiency in tax of $15,823 for 2001. Based on the agreed amount of this deficiency, the amount of the addition to tax under sec. 6651(a)(1) for failure to timely file a return is $3,955.75. Petitioner also conceded on brief that, because he made no estimated tax payments in 2001, he is liable for the addition to tax under sec. 6654 for failure to pay estimated income taxes. After giving effect to the agreed amount of deficiency, the addition to tax for failure to pay estimated income taxes under sec. 6654 is $632.

Petitioner also submitted to respondent a four-page attachment to the 1040 document that began: "To Whom this 'return' and 'attachment' to said 'return' may concern". In the attachment, petitioner asserted various tax protester arguments and asked respondent to explain what Code section required him to file a return. Petitioner disputed that he had any income tax liability and that he was obligated to file a return. Despite having previously complied with his obligation to file returns and pay taxes for many years previously, petitioner asserted that the Code's requirements did not apply to him and that he could opt out of his obligations to file returns and pay taxes by sending these statements to respondent. Petitioner also asserted that the decision in United States v. Long, 618 F.2d 74 (9th Cir. 1980), as well as other cases, showed that a form with zeros qualified as a return.

Respondent did not treat the 1040 document as a return. In examining petitioner's tax liability for 2001, respondent retrieved information return data from third-party payors indicating that petitioner received $18,660 in nonemployee compensation, $194 of interest, and $239,900 from a real estate sale during 2001. Respondent sent petitioner the examination report and correspondence asking petitioner for information. Rather than provide income and expense information in response to this correspondence, petitioner submitted further constitutional and tax protester arguments. Petitioner also sent constitutional and tax protester arguments to the Secretary of the Treasury.

Respondent issued a notice of deficiency on July 30, 2003, to petitioner for taxable year 2001, determining the deficiency, an addition to tax under section 6651(a)(1) for failure to timely file a return, and an addition to tax for failure to pay estimated income taxes under section 6654. Petitioner timely filed a petition for review with this Court. As explained previously, the parties resolved all issues other than whether petitioner is liable for the late filing addition to tax under section 6651(a)(1).

## OPINION

Petitioner argues that his 1040 document constitutes a return under precedent in the Court of Appeals for the Ninth Circuit and that he should not be penalized for asking for an explanation why he was liable to file a return and pay the tax. Petitioner further argues that even if his 1040 document does not constitute a "return", petitioner's failure to file a return was due to reasonable cause and not to willful neglect. Respondent argues that petitioner's 1040 document was not a return. We shall address each of these arguments in turn.

We begin with the burden of proof. Respondent bears the burden of production with respect to additions to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once respondent has come forward with sufficient evidence indicating it is appropriate to impose the relevant penalty, the burden of proof shifts to petitioner to introduce evidence sufficient to persuade the Court that petitioner's failure to file was due to

reasonable cause and not to willful neglect. See <u>Higbee v. Commissioner</u>, <u>supra</u>.

I. <u>Whether Petitioner's 1040 Document Was a Return</u>

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). "Return" is not defined in section 6651, nor in any other section of the Code. See secs. 6011, 6651; <u>Swanson v. Commissioner</u>, 121 T.C. 111, 122-123 (2003). The Court of Appeals for the Ninth Circuit, to which the present case is appealable, has held that a Form 1040 is a return under the criminal statute, section 7203 (willful failure to file returns), where the document contained all zeros, attached constitutional arguments, and was signed under penalties of perjury. <u>United States v. Long</u>, <u>supra</u>.

In <u>Long</u>, the Court of Appeals for the Ninth Circuit was faced with a situation in which the practice of the IRS, as then in effect, was not to keep copies of documents that it considered invalid returns, nor to retain records of whether such documents had been filed. Having no record whether the taxpayer had filed a return for any of the years in question, the Federal Government sought to impose criminal penalties on him for willful failure to file income tax returns. <u>Id.</u> at 75. The taxpayer introduced "facsimiles" of the forms he claimed to have filed. <u>Id.</u> The facsimiles were completed with all zeros and had a tax protest tract attached. <u>Id.</u>

The Court of Appeals for the Ninth Circuit reversed the taxpayer's conviction for willful failure to file, holding that the forms containing all zeros were "returns" for section 7203 purposes because the zeros constituted information from which the tax could be computed.  Id.  The court noted that a document with false or misleading figures may convey false information (i.e., zero may not be the taxpayer's correct tax liability), but it does convey information.  Id. at 76.  The court found that the documents therefore should be treated as returns.  Id.

The Court of Appeals's view that a return containing all zeros constitutes a return is contrary to the view of several other courts that have considered the question.  See United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Smith, 618 F.2d 280 (5th Cir. 1980); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); Cabirac v. Commissioner, 120 T.C. 163, 168-170 (2003); Halcott v. Commissioner, T.C. Memo. 2004-214.

As Long involved a different provision of the Code, it is not squarely on point.  Long involved the taxpayer's appeal from a criminal conviction for willful failure to file under section 7203.  United States v. Long, supra.  Here, petitioner contests applying a civil failure to file addition to tax under section 6651(a)(1).

In addition, in Long, the IRS had not saved any documents taxpayer had submitted but sought to prosecute the taxpayer for willful failure to file.  Id.  The taxpayer provided "facsimiles"

of the documents he allegedly filed, and the court was asked to decide whether they constituted returns.  Id.

In this case, the parties introduced petitioner's returns as evidence at trial.  Petitioner may not rely on Long to avoid civil additions to tax under these circumstances.

We followed the Supreme Court's definition of what constitutes a return for statute of limitations purposes in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986).  See Badaracco v. Commissioner, 464 U.S. 386 (1983); Germantown Trust Co. v. Commissioner, 309 U.S. 304 (1940); Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934); Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453 (1930).  The four-part test of Beard, applying the Supreme Court precedents, requires that a document contain sufficient data to calculate tax liability, purport to be a return, represent an honest and reasonable attempt to satisfy the requirements of the tax law, and be executed by the taxpayer under penalties of perjury.  Beard v. Commissioner, supra at 777. We have applied this test to cases under section 6651(a)(1) as well as in cases under other sections of the Code.[3]  See Cabirac v. Commissioner, supra at 168-170.

---

[3]See Mendes v. Commissioner, 121 T.C. 308, 329-330 (2003) (Vasquez, J., concurring) (citing cases applying this test to particular sections of the Code).  Several Courts of Appeals have also applied similar tests to determine whether a document is a return.  See, e.g., Moroney v. United States, 352 F.3d 902, 905 (4th Cir. 2003); United States v. Hindenlang, 164 F.3d 1029, 1033 (6th Cir. 1999).

The Court of Appeals for the Ninth Circuit has characterized our test as a widely accepted interpretation that provides a sound approach under the Code. United States v. Hatton, 220 F.3d 1057, 1060-1061 (9th Cir. 2000). The Court of Appeals for the Ninth Circuit also views this test as consistent with the policy that a return should obtain tax information with uniformity and completeness to facilitate the physical task of handling and verifying returns. Id.

We focus on one requirement of the Supreme Court cases, as articulated in Beard, to determine whether the 1040 document constitutes a return. Under the Beard test, a document must be an honest and genuine endeavor to satisfy the tax law in order to be a return. Zellerbach Paper Co. v. Helvering, supra at 180; Beard v. Commissioner, supra at 777. We doubt that a document containing all zeros and tax protester rhetoric represents an honest and genuine endeavor to satisfy the tax law. See United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980); United States v. Rickman, supra at 184; Cabirac v. Commissioner, supra; Halcott v. Commissioner, supra.

Tax protesters, as a general rule, have not been found to make an honest and genuine attempt to meet the requirements of the Code. United States v. Moore, supra. We agree that the Commissioner should not be forced to accept as a return a document clearly not intended to provide the required information. See id. The timeworn tax protester statements attached to petitioner's 1040 document indicate that petitioner

was not making an honest and reasonable attempt to comply with the tax law. Instead, these arguments indicate that petitioner is challenging the tax laws and tax system in general. Courts unfailingly characterize these arguments as meritless. See, e.g., Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Funk v. Commissioner, 123 T.C. 213, 217 (2004).

Petitioner did not make an honest and genuine endeavor to satisfy the law and therefore did not file a return for purposes of section 6651. See Cabirac v. Commissioner, supra; Halcott v. Commissioner, supra.

We therefore find that petitioner failed to file a return for 2001. We now address whether petitioner's failure to file was due to reasonable cause and not to willful neglect.

II. Whether Petitioner's Failure To File a Return Was Due to Reasonable Cause and Not to Willful Neglect

As previously discussed, petitioner has the burden to show that his failure to file was due to reasonable cause and not to willful neglect. Higbee v. Commissioner, 116 T.C. at 446. To prove reasonable cause, petitioner must demonstrate that he exercised ordinary business care and prudence but nevertheless was unable to file the return within the specified time. See United States v. Boyle, 469 U.S. 241, 245 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a "conscious, intentional failure or reckless indifference". United States v. Boyle, supra at 245.

Petitioner argues on brief that his reliance on materials (the tax protester materials) and seminars provided by Irwin Schiff (Mr. Schiff), constitutes reasonable cause for his failure to file a tax return. Further, he asserts that, because he relied on the tax protester materials, he did not willfully neglect to file a proper tax return. The tax protester materials, according to petitioner, misled him into believing that a return was not required. Petitioner also asserts that he relied on the Ninth Circuit's decision in Long and believed that his 1040 document was a valid tax return.

We reject petitioner's arguments. First, petitioner did not testify at trial and did not introduce any evidence regarding his alleged reliance on the tax protester materials. Petitioner first asserted that he relied on the tax protester materials in his posttrial brief. Statements in briefs do not constitute evidence. See Rule 143(b); Shepherd v. Commissioner, 115 T.C. 376, 399 n.22 (2000), affd. 283 F.3d 1258 (11th Cir. 2002).

Petitioner also asserts that he relied on Long and that his reliance constitutes reasonable cause to believe that the 1040 document qualified as a return. Although petitioner cited Long in the attachment to his 1040 document, petitioner did not cite Long in his petition, his amended petition, or in his pretrial memorandum. Nor did he testify or introduce other evidence at trial concerning his alleged reliance on that case.

We are not persuaded that petitioner acted in good faith or in fact relied on Long when he prepared his 1040 document. We find that petitioner's asserted reliance on Long does not constitute reasonable cause and the absence of willful neglect.

In sum, petitioner has not shown that his failure to file a Federal income tax return for 2001 was due to reasonable cause and not to willful neglect. Thus, we find that petitioner is liable for the addition to tax under section 6651(a)(1).

Petitioner has argued that he should not be subject to the addition to tax under section 6651(a)(1) because the addition to tax penalizes him for asking for an explanation why he was liable to file a return and pay tax. Petitioner's arguments were frivolous. Although petitioner filed returns and paid tax for 20 years previously and respondent notified petitioner in 2000 that his arguments were frivolous, petitioner nevertheless attempted to challenge the tax system by filing documents reporting zero income and zero tax liability and attaching frivolous tax protester correspondence. Petitioner was well aware of the requirement to file tax returns and pay tax, but petitioner continued to assert shopworn, meritless tax protester arguments. We have imposed a penalty under section 6673 on taxpayers who have raised similar arguments. See, e.g., Roberts v. Commissioner, 118 T.C. 365 (2002), affd. per curiam 329 F.3d 1224 (11th Cir. 2003); Pierson v. Commissioner, 115 T.C. 576 (2000); Hodges v. Commissioner, T.C. Memo. 2005-168. Though we do not impose a penalty here, nor does respondent seek a section 6673

penalty in this case, we caution petitioner that should he bring similar arguments before this Court in the future, he is at risk that the Court is likely to impose such a penalty, up to $25,000.

Accordingly, we sustain respondent's determination in the notice of deficiency with respect to the addition to tax under section 6651(a)(1), as adjusted to reflect the agreed upon tax liability.

To reflect the foregoing,

<u>Decision will be
entered for respondent</u>.