T.C. Summary Opinion 2007-148


UNITED STATES TAX COURT


NORMAN P. SCHIFF, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 6781-05S, 11265-05S.  Filed August 27, 2007.


Norman P. Schiff, pro se.

Orsolya Kun, for respondent.


NIMS, Judge:  These cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed.  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all section references are to

the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In these consolidated cases, petitioner requests redetermination of deficiencies in the amounts of $24,548 and $17,985 determined by respondent for taxable years 2002 and 2003, respectively. Respondent has conceded that petitioner received compensation as an employee during the taxable years in issue and that he is not liable for self-employment tax. Petitioner has conceded that he is liable for income tax. The issues remaining for decision are: (1) Whether petitioner is entitled to the benefit of joint filing status and deductions for his wife and children for 2002 and 2003; (2) whether petitioner is liable for additions to tax for failure to file returns pursuant to section 6651(a)(1) for 2002 and 2003; and (3) whether petitioner is liable for additions to tax for failure to pay estimated tax pursuant to section 6654 for 2002 and 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference.

At the time he filed the petitions, petitioner resided in Ridgewood, New York.

During taxable years 2002 and 2003, the years in issue, petitioner worked for Stull, Stull, & Brody, Attorneys at Law. During 2002, petitioner received compensation in the amount of $74,808.96, which Stull, Stull, & Brody reported on a Form 1099-MISC, Miscellaneous Income. During 2003, petitioner received compensation from Stull, Stull, & Brody in the amount of $61,888.05. This amount was also reported on a Form 1099-MISC.

Petitioner never supplied Stull, Stull, & Brody with a completed Form W-4, Employee's Withholding Allowance Certificate. Petitioner was aware that the firm was not withholding any amounts from his paychecks.

For each year in issue petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return. These returns indicated the names of petitioner and his wife, listed their address and Social Security numbers, indicated joint filing status, contained petitioner's and his wife's signatures, and included no financial information. The Forms 1040 had the words "not liable" written on the heading and other parts of the returns.

Respondent treated petitioner as a nonfiler and prepared substitutes for returns for 2002 and 2003. On January 3, 2005, respondent issued a statutory notice of deficiency for

petitioner's taxable year 2003.  On March 16, 2005, respondent issued a statutory notice of deficiency for petitioner's taxable year 2002.

## Discussion

### Income Tax Liabilities

Petitioner has abandoned his position that he is not liable for income taxes, for fear of imposition of frivolous argument penalties.  He has conceded his liability for income taxes for the years in issue.  Petitioner does, however, dispute the tax due as calculated in the notices of deficiency.

The Commissioner's determination in a notice of deficiency is generally presumed correct, and the taxpayer has the burden of proving that the determination is erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under certain circumstances, the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests.  Therefore, the burden of proof does not shift to respondent.

Petitioner alleges error in respondent's use of married filing separately as his filing status for calculation of his

income tax liabilities for 2002 and 2003.  Petitioner believes that respondent should have used rates applicable to married taxpayers filing joint returns.

To receive the benefit of joint return rates, taxpayers must file a valid joint return pursuant to section 6013.  Sec. 1(a)(1); see Thompson v. Commissioner, 78 T.C. 558 (1982).  The returns petitioner submitted for 2002 and 2003 were not valid income tax returns.  (See discussion below.)  Petitioner did not file any valid returns electing joint filing status before these cases were submitted for decision.  Cf. Millsap v. Commissioner, 91 T.C. 926 (1988); Phillips v. Commissioner, 86 T.C. 433, 441 (1986), affd. in part and revd. in part 851 F.2d 1492 (D.C. Cir. 1988).  Furthermore, petitioner does not make a claim that he was not legally required to file U.S. income tax returns, which would first have to be rejected for the need or opportunity to elect joint filing status to arise.  Cf. Vazquez v. Commissioner, T.C. Memo. 1993-368.  Petitioner has also failed to present any evidence regarding his eligibility for joint filing status. Thus, petitioner is not entitled to claim joint filing status, and respondent correctly calculated petitioner's tax liability using married filing separately rates.  See sec. 1(d).

Petitioner also claims that he is entitled to deductions for his wife and children, which respondent did not allow in the calculation of petitioner's tax liabilities.  Since petitioner

offered no evidence concerning any eligible dependents at trial, he is not entitled to any deductions other than those allowed by respondent.  See sec. 151(b) and (c).

We therefore sustain the 2002 and 2003 deficiencies in tax as calculated by respondent.

Additions to Tax

For both taxable years in issue, respondent also seeks additions to tax for failure to file a return under section 6651(a)(1) and for failure to pay estimated tax under section 6654(a).  Petitioner argues that he should not be held liable for the additions to tax.  Pursuant to section 7491(c), the Commissioner has the burden of production as to whether a taxpayer is liable for an addition to tax.  To meet this burden of production, the Commissioner must produce sufficient evidence showing that imposition of the addition to tax is appropriate in the particular case.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once this burden of production is met, the taxpayer has the burden of proof regarding reasonable cause.  Id.

The parties stipulated that petitioner filed what he alleged were valid returns containing only petitioner's and his wife's names, address, Social Security numbers, and signatures and indicating joint filing status.  These purported returns did not include any financial information and had the words "not liable" written on them.  Frivolous returns such as these are not valid

returns.  See Cabirac v. Commissioner, 120 T.C. 163, 168-170 (2003); Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).  Respondent has met the burden of production for the addition to tax for failure to file a return pursuant to section 6651(a)(1) for each year in issue.

Petitioner's argument that he had reasonable cause for failing to file returns because of his sincere belief in various tax-protester arguments is without merit.  Reliance on such arguments does not constitute reasonable cause for failing to file a return.  See Arnett v. Commissioner, T.C. Memo. 2006-134, affd. without published opinion 99 AFTR 2d 2007-3418 (10th Cir. 2007); Coulton v. Commissioner, T.C. Memo. 2005-199.  Petitioner is liable for the additions to tax for failure to file returns for 2002 and 2003.

Section 6654 provides for an addition to tax for failure to make estimated tax payments.  To meet the burden of production for this addition to tax, respondent must show that petitioner had a "required annual payment" as set forth in section 6654(d). Wheeler v. Commissioner, 127 T.C. 200, 211 (2006).  The required annual payment equals the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or 90 percent of the tax for such year if no return is filed), or (2) 100 percent of

the tax shown on the individual's return for the preceding taxable year (if the individual filed a return for that preceding year).  Sec. 6654(d)(1)(B).

Respondent has not met the burden of production for the addition to tax for failure to make estimated tax payments for 2002.  Respondent's Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, indicates that a return was filed for 2001.  Respondent, however, did not introduce any evidence regarding the amount of tax shown on the 2001 return.  Consequently, we cannot determine whether petitioner had a required annual payment for 2002.

Respondent has met the burden of production for the addition to tax for failure to make estimated tax payments for 2003.  Since petitioner did not file a return for 2002, petitioner's required annual payment for 2003 was 90 percent of the tax for 2003, which was greater than zero.  Petitioner had no withholding for 2003, and respondent's records show that he made no other payments for 2003.  Therefore, respondent has met the burden of production for the section 6654 addition to tax for 2003.

Petitioner argues that he had reasonable cause for failing to make estimated tax payments because he was not self-employed and therefore was not obligated to make estimated tax payments.

Section 6654 makes no such distinction.  Petitioner is liable for the addition to tax for failure to make estimated tax payments for 2003.

<u>Decisions will be entered</u>

<u>under Rule 155</u>.