T.C. Memo. 2007-324

UNITED STATES TAX COURT

MICHAEL KEVIN BOLTINGHOUSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2033-06.               Filed October 29, 2007.

Michael Kevin Boltinghouse, pro se.

<u>Blake W. Ferguson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2003 Federal income tax of $6,841, an addition to tax under section 6651(a)(1)[1] of $1,179.23, an addition to tax

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, and  all Rule references are to the Tax Court Rules of Practice and Procedure.

under section 6651(a)(2) of $445.49, and an addition to tax under section 6654(a) of $132.49.  After concessions,[2] there are three issues remaining for decision:

(1)  Whether petitioner is entitled to a dependency exemption deduction under section 151(c) for his daughter.  We hold that he is not;

(2)  whether petitioner is entitled to a deduction for itemized expenses in an amount greater than the standard deduction.  We hold that he is not;

(3)  whether petitioner is liable for the addition to tax under section 6651(a)(1) for failing to file a return.  We hold that he is.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference.

Petitioner resided in Mebane, North Carolina, at the time he filed his petition.

---

[2] The parties agree that petitioner received $44,883.20 of gross income in 2003.  Respondent concedes that petitioner is not liable for the addition to tax under sec. 6651(a)(2) or sec. 6654.  Respondent also concedes that petitioner is entitled to deduct a portion of his medical and dental expenses and taxes paid, although those concessions would not allow petitioner itemized deductions in an amount greater than the standard deduction.

During 2003, petitioner was employed as a store manager of the Men's Warehouse in Durham, North Carolina. Petitioner earned gross income of $44,883.20 consisting of compensation for his work at The Men's Warehouse and a small amount of dividend income. Of this amount, $1,591.04 was withheld as Federal income tax.

## I. Failure To File a Return

On or before April 15, 2004, petitioner timely mailed and the Internal Revenue Service (IRS) timely received a Form 1040A, U.S. Individual Income Tax Return, for 2003. Petitioner listed his wages and total income as zero, claimed one personal exemption, claimed the standard deduction, and requested a refund of $1,600.84 as income tax that had been withheld. Petitioner attached a document to his Form 1040A in which he presented unfounded arguments as to why he was not liable for Federal income tax. The IRS did not process the Form 1040A as an income tax return.

In December of 2004, petitioner submitted a Form 1040NR, U.S. Nonresident Alien Income Tax Return, for 2003 to the IRS. Petitioner listed his wages and total income as zero, claimed an exemption for himself, and requested a refund of $1,598.80 that had been withheld. On the information sheet accompanying his Form 1040NR, petitioner answered all questions by writing "N/A" to assert that none of the questions applied to him.

II.  Settlement Attempt

Respondent issued a notice of deficiency to petitioner on October 31, 2005, and petitioner timely filed a petition for redetermination with this Court.

While preparing his case, petitioner gave respondent an unsigned Form 1040, U.S. Individual Income Tax Return (the proposed Form 1040) for 2003 and a Schedule A, Itemized Deductions.  On the proposed Form 1040, petitioner reports his income and dividends consistently with his Form W-2, Wage and Tax Statement, and Form 1099-DIV, Dividends and Distributions.  He also claims a personal exemption for himself, a dependency exemption, and itemized deductions of $12,999.  Respondent concedes that petitioner has allowable itemized deductions of $920.94, which is less than the standard deduction of $4,750 for 2003, and therefore respondent asserts that petitioner is entitled only to the standard deduction.[3]

A.  Dependency Exemption Deduction for Petitioner's Daughter

Petitioner and his ex-wife have a daughter, Brandi, who was born in March 1985.  In 1991, petitioner and his ex-wife divorced.

---

[3] There is a slight discrepancy between the total amount of deductions that respondent concedes and our calculation, which is based on respondent's brief of the total amount of deductions he concedes, but the discrepancy does not alter our conclusions.

In a prior case before the Court regarding the tax year 1998, <u>Boltinghouse v. Commissioner</u>, T.C. Memo. 2003-134, the Court decided that petitioner could claim Brandi as a dependent. However, in that year Brandi was 13 years old, while in the year at issue she was no longer a minor.

Brandi turned 18 years old in March 2003, and she filed her own Form 1040 with the IRS for 2003 on which she claimed a personal exemption for herself. Brandi lived with her mother in Virginia and was a full-time college student during that year. However, petitioner claims Brandi as a dependent on the proposed Form 1040.

B.  <u>Itemized Deductions</u>

On the Schedule A attached to the proposed Form 1040, petitioner claims he is entitled to itemized deductions of $12,999 after properly making adjustments based upon his adjusted gross income (AGI).

1.  <u>Medical and Dental Expenses</u>

On the Schedule A attached to the proposed Form 1040, petitioner claims to have incurred $4,162 of medical and dental expenses in 2003. As evidence, petitioner provided receipts for medical and dental insurance premiums paid, physician visits, medications and vitamins, and other miscellaneous items purporting to be medical expenses. Respondent concedes that petitioner is entitled to deductions for the medical and dental

premiums paid and for certain transportation costs, as well as a portion of the other medical expenses.

### 2. Taxes Paid

On the Schedule A attached to the proposed Form 1040, petitioner seeks to deduct $598 for income taxes paid to the State of North Carolina and $313 for personal property taxes paid. Respondent concedes that petitioner is entitled to deductions for the State income taxes paid and for $263.33 of the personal property taxes paid. As to the remaining $49.67, petitioner provided a certificate showing that a portion of this amount was $25 to renew his vehicle registration, but he presented no evidence as to the remaining $24.67.

### 3. Charitable Contributions

Petitioner asserts on the Schedule A attached to the proposed Form 1040 that he made a charitable gift by cash or check of $256 and that he made noncash charitable gifts of $2,057. Petitioner did not offer to substantiate the reported gift by cash or check. However, in order to substantiate the noncash gifts, petitioner provided three receipts from the Goodwill Community Foundation indicating that he made donations of various items with a total value of $2,313. The receipts give a general description of the donated items, indicating a couch, a stereo stand, household goods, seven pieces of men's clothing (slacks, shoes, and pants), a coffee table, flatware, plates, and

bowls. However, the receipts do not provide any information as to the age, quality, or condition of the donated items or any information as to who valued them or what method was used.

### 4. Business Deductions

Petitioner reports on the Schedule A attached to the proposed Form 1040 $9,211 of unreimbursed business expenses.

#### a. Transportation and Travel Expenses

Petitioner claims that he is entitled to a deduction for $2,122 of vehicle expenses, $52 of other travel expenses, and $737 of overnight travel expenses. In 2003, petitioner's job required him to go to the post office, the bank, other stores, meetings, and locations where he was involved with recruiting potential employees.

As evidence of the claimed expenses, petitioner provided a receipt for payment for a rental car, some airline boarding passes, some receipts from hotels, and other miscellaneous receipts that purport to be from expenses he incurred while traveling.

#### b. Business Gifts

Petitioner seeks to deduct $165.14 for business gifts. Petitioner provided receipts for nine purchases that purport to be business gifts, but no additional specific information.

### c.  Entertainment and Business Meals

On the Schedule A attached to the proposed Form 1040, petitioner asserts that he is entitled to a deduction of 50 percent of his meals and entertainment expenses, which he calculated to be $977.  To substantiate this deduction, petitioner offered receipts from various convenience stores, video rental stores, entertainment venues, and restaurants, as well as his electricity bills for 2003.  Petitioner estimates that he entertained about 100 potential customers or employees at his home during 2003.  He also occasionally bought lunch, sodas, and snacks for employees in order to meet The Men's Warehouse's corporate goal of establishing a "high-quality work environment".  Petitioner paid for these expenses out of his own pocket even though he had a discretionary budget for such entertainment expenses and it was not a common practice for managers to spend such a high amount for food and beverages for employees.

### d.  Cable Television and Telephone

Petitioner also seeks to deduct $523.44 for his home cable television and $619.07 for his home telephone for 2003 after conceding that 10 percent of his telephone use was for nonbusiness purposes.  Petitioner used the cable to determine whether the weather was too severe to open the store, and he used the telephone service to make himself available in case of an emergency and to enable him to make long-distance calls to his

supervisors.  However, about two-thirds of the cost of the long distance calls was attributable to calls made to family members.

### e. Laundry, Dry Cleaning, Cost of Clothing, and Haircuts

Petitioner seeks to deduct $3,604.65 as the combined cost of clothing purchases, laundry and dry cleaning, and haircuts.  The clothing purchased consists of suits, sport coats, slacks, ties, socks, and alterations.  These expenses were necessary for petitioner's continued employment at The Men's Warehouse because his dress code required him to wear a suit or a sport coat and slacks combination with a tie and to be well groomed.

### 5. Casualty Loss

Petitioner claims that he suffered a $500 casualty loss in 2003 because he tore a business suit on a piece of glass while at work.

### 6. Tax Preparation Software and Publications

On the proposed Form 1040, petitioner claims a $166.49 deduction for tax preparation software and publications.

### OPINION

## I. Dependency Exemption Deduction for Petitioner's Daughter

A taxpayer bears the burden of proving that the Commissioner's determinations set forth in the notice of deficiency are incorrect.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Tax deductions are a matter of legislative grace, and a taxpayer has the burden of proving that

he is entitled to the deductions claimed.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  In addition, a taxpayer must keep sufficient records to substantiate any deductions claimed.  Sec. 6001; New Colonial Ice. Co. v. Helvering, supra at 440.  Section 7491(a) does not apply in this case because petitioner did not introduce credible evidence that he is entitled to the deduction he seeks.

In general, under section 151(a) and (c), a taxpayer is allowed a dependency exemption deduction for each dependent.  Sec. 152(a)(1).  The definition of a "dependent" provided by section 152(a) includes a child of the taxpayer over half of whose support for the year was provided by the taxpayer.  See sec. 1.152-1(a), Income Tax Regs.  In the case of a child of divorced parents, the child generally is treated as receiving over half his support from the parent having custody for the greater portion of the year.  Sec. 152(e)(1) and (2).

In order to satisfy the support test of section 152(a) so as to be entitled to a dependency exemption deduction, the taxpayer must prove the amount of total support the child received during the year and establish that the support that the taxpayer provided exceeds half the total.  Rule 142(a); Stafford v. Commissioner, 46 T.C. 515, 517-518 (1966); Vance v. Commissioner, 36 T.C. 547, 549 (1961); Lear v. Commissioner, T.C. Memo. 2004-

253.  Petitioner is not required to provide the precise total amount of support for his daughter but must at least provide convincing evidence that he provided more than half of it in 2003.  See Seraydar v. Commissioner, 50 T.C. 756, 760 (1968).

Petitioner failed to maintain and provide sufficient records establishing the total amount of support his daughter received in 2003 and the amount he provided.  While petitioner testified at trial that he paid tuition, child support, and insurance premiums benefiting his daughter, he failed to provide any evidence to substantiate how much these payments amounted to.[4]  Further, petitioner did not offer any evidence as to how much support his ex-wife provided, who paid his daughter's other living expenses, or whether his daughter was employed during 2003.  Therefore, we hold that petitioner failed to carry his burden of establishing that he met the support test of section 152(a) so as to be entitled to claim a dependency exemption deduction for his daughter for 2003.

Petitioner also does not qualify for the deduction under the special support test for children of divorced parents.  Sec. 152(e)(1).  Section 152(e)(1) applies only when the child is in the custody of one or both parents for more than one-half of the

---

[4] Petitioner's argument that respondent never asked him for substantiation is without merit.  A taxpayer who fails for any reason to substantiate a claimed deduction does so at his peril. See Sanford v. Commissioner, 50 T.C. 823, 830 (1968), affd. 412 F.2d 201 (2d Cir. 1969).

calendar year. We have held that once a child reaches the age of majority under State law, she is no longer in the custody of either parent for purposes of section 152(e). Ferguson v. Commissioner, T.C. Memo. 1994-114; Kaechele v. Commissioner, T.C. Memo. 1992-457. Petitioner's daughter was a resident of Virginia in 2003, and under Virginia law an individual reaches the age of majority when she becomes 18 years of age. Va. Code Ann. sec. 1-204 (2005). Petitioner's daughter became 18 years of age in March 2003, and therefore could not be in the custody of either parent for more than one-half of the calendar year. Therefore, we hold that for 2003, petitioner is not entitled to claim a dependency exemption deduction under section 152(e) for his daughter.

## II. Deductions

Petitioner also bears the burden of proving that he is entitled to the itemized deductions he claims and that he has maintained sufficient records to substantiate those deductions. See sec. 6001; Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, supra at 84; New Colonial Ice Co. v. Helvering, supra at 440.

### A. Medical and Dental Expenses

Section 213(a) allows deductions for medical and dental expenses only to the extent that they exceed a floor of 7.5 percent of the taxpayer's AGI. Petitioner claims to have

incurred $4,162 of medical and dental expenses in 2003 before subtracting 7.5 percent of his AGI ($3,366).

Respondent concedes that petitioner is entitled to a deduction for medical and dental insurance premiums paid, $26.92 for physician visits, $156.59 for medications, and certain transportation expenses, leaving $446.01 for physician visits, $48.50 for medications, and $14.96 for contour replacement grips. Petitioner offered no evidence to substantiate $187.02 of the amount claimed on the Schedule A; thus he is not entitled to a deduction for that amount.

As evidence of the disputed expenses, petitioner provided three Explanation of Benefits statements showing that he made copayments totaling $65 for physician visits, two statements that he owed a total of $401.01 for physician visits, two receipts that he paid $48.50 for vitamins, and one receipt that he paid $14.96 for two contour replacement grips.

Respondent appears to have misread the Explanation of Benefits statements that petitioner provided regarding three of the physician visits, which clearly indicate that petitioner made copayments totaling $65 during those visits (however, petitioner may be liable for an additional $65, which petitioner is not claiming), and therefore petitioner has met his burden regarding that amount. However, respondent correctly points out that as to the two statements indicating that petitioner owed a total of

$401.01, there is no evidence to establish that petitioner paid that amount. Therefore he may not claim a deduction for that amount.

The $48.50 for medications that respondent disputes consists of payments for vitamins. Under section 213(b), amounts paid for medicines or drugs are deductible only if they are prescribed or are insulin. The vitamins in question are neither, and therefore their costs are not deductible.

Petitioner has not provided any medical reason for purchasing contour replacement grips, and therefore we agree with respondent that he is not entitled to a deduction for that expense.

Consequently, including those amounts respondent concedes, we hold that petitioner is entitled to deductions of $3,242 for medical and dental premiums paid, $91.92 for physician visit copayments made, $156.29 for medication expenses, and $20 for transportation expenses, to the extent that the total exceeds 7.5 percent of petitioner's AGI.

B. Taxes Paid

Section 164(a) allows a taxpayer deductions for State and local income taxes, real property taxes, and personal property taxes. On the proposed Form 1040, petitioner seeks to deduct $911 for State and local taxes paid, of which respondent has conceded $861.33.

Of the remaining $49.67, petitioner claims he is entitled to a deduction of $25 for vehicle registration fees and has provided a certificate reflecting this amount. Section 164(b)(1) defines a "personal property tax" as an annual ad valorem tax that is imposed upon personal property. Petitioner has not provided any evidence that any of this fee is an ad valorem fee as opposed to an annual flat fee, and therefore it is not deductible. See N.C. Gen. Stat. sec. 20-87(5) (2005).

Petitioner has offered no evidence regarding the remaining $24.67. Therefore, we agree with respondent that petitioner is entitled to a deduction of only $861.33 for taxes paid.

C. <u>Gifts to Charity</u>

Section 170(a) allows a taxpayer a deduction for charitable contributions, but only if verified under the prescribed regulations. Section 170(f)(8) provides that no deduction will be allowed for a contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment from the donee organization. A taxpayer who makes charitable contributions of property other than money must have a receipt or letter from the donee or other written record showing the name of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances. Sec. 1.170A-13(b)(1) and (2), Income Tax Regs. On his return, the taxpayer must include the same

three pieces of information, and additionally, if claiming a deduction of more than $500, he must maintain records that show the fair market value of the property at the time of the contribution and the method used in determining the fair market value.  Sec. 1.170A-13(b)(2)(ii) and (3), Income Tax Regs.

Petitioner asserts on the Schedule A attached to the proposed Form 1040 that he made a charitable gift by cash or check of $256, but he has failed to provide any evidence to substantiate the gift and therefore is not entitled to a deduction for that amount.

Petitioner asserts on the same Schedule A that he made noncash charitable gifts of $2,057, and to substantiate his claim he provided three receipts from the Goodwill Community Foundation indicating that he made donations of various items totaling $2,313 in value.  Respondent argues that petitioner is not entitled to a charitable contribution deduction because neither the receipts nor the Form 8283, Noncash Charitable Contributions, accompanying petitioner's proposed Form 1040 contains a "description of the property in detail reasonably sufficient under the circumstances" or states the method used in determining the fair market value.

The receipts identify and quantify the items contributed, although they do not provide any information regarding the age, quality, or condition of the donated items, or any information as

to who valued them or what method was used.  We find that under the circumstances, considering the nature of the items donated and of the donee institution, the description of the property is reasonable, and petitioner has substantially complied with the requirements of section 1.170A-13, Income Tax Regs.  However, petitioner has not provided sufficient substantiation of the fair market value of the property at the time the contribution was made or the method used in determining the value provided on the receipts.  Therefore we will not accept his calculation of the amount of claimed deduction.  See Bond v. Commissioner, 100 T.C. 32, 41 (1993).  Even if we were to exercise our discretion to approximate the value of the contributions and allow petitioner a deduction for the entire amount of noncash charitable contributions claimed, considering our other findings, petitioner would still not be entitled to itemized deductions for 2003 greater than the standard deduction applicable for that year. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Fontanilla v. Commissioner, T.C. Memo. 1999-156; Cavalaris v. Commissioner, T.C. Memo. 1996-308; Bernardeau v. Commissioner, T.C. Memo. 1981-584; cf. Kendrix v. Commissioner, T.C. Memo. 2006-9.  Therefore, we decline to exercise our discretion under Cohan.

D.  Unreimbursed Employee Expenses

Section 162(a) allows a taxpayer a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including a trade or business as an employee, subject to the limitation that a taxpayer is allowed a deduction for miscellaneous itemized deductions only to the extent that they exceed 2 percent of his AGI.  Furthermore, a taxpayer is not allowed any deductions for personal, living, or family expenses.  Sec. 262.

1.  Transportation and Travel Expenses

Section 162(a)(2) allows a taxpayer a deduction for traveling expenses while away from home and in the pursuit of a trade or business.  However, section 274(d) requires strict substantiation by adequate records or by sufficient evidence corroborating the taxpayer's statement for deductions otherwise allowed under section 162 and for any expenses related to listed property such as cars and trucks, travel, and meals and entertainment expenses.  Sec. 280F(d)(4)(A); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  The substantiation must show the amount, time, place, and business purpose of the expense.  Sec. 1.274-5T(b)(2), (6), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

On the proposed Form 1040, petitioner claims that he is entitled to a deduction of $2,122 for vehicle expenses, $52 for other traveling expenses, and $737 for overnight travel expenses.

Petitioner admits that he did not maintain an accurate mileage log but asserts that he is entitled to a deduction for mileage while working as an employee of The Men's Warehouse because his employment frequently required him to drive to other locations. This evidence does not satisfy the strict substantiation requirement of section 274(d).

Petitioner provided receipts and other evidence that he traveled away from home in 2003. But did not offer any testimony or other evidence as to whether these expenditures had any business purpose and provided only minimal evidence as to the time spent away from home. Furthermore, petitioner did not offer any testimony or other evidence that his employer did not reimburse him for his travel expenses. Petitioner has not met his burden, and we allow no deduction for these transportation and travel expenses.

### 2. Business Gifts

Petitioner seeks to deduct $165.14 for business gifts. Under section 274(b), a taxpayer may not claim a deduction under section 162 for any expenses for gifts made directly or indirectly to any individual to the extent the value of the gifts exceeds $25. To substantiate expenses relating to gifts, a

taxpayer must provide adequate records or corroborating evidence showing the costs of the gifts, the dates the gifts were made, descriptions of the gifts, the business purposes of the gifts, and the business relationships between the taxpayer and the gift recipients.  Sec. 274(d); sec. 1.274-5T(b)(5), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Petitioner introduced no evidence showing the dates of the gifts and provided only vague, uncorroborated testimony regarding the business purposes of the gifts and his relationships with the recipients.  Therefore, we agree with respondent that petitioner is not entitled deduct the costs of the business gifts for 2003.

### 3.  Entertainment and Business Meals

Under section 274(d)(2), a taxpayer may not claim a deduction for entertainment expenses unless the taxpayer meets the strict substantiation requirements.  To substantiate such an expenditure, a taxpayer must provide adequate records or have sufficient evidence corroborating the amount of the expenditure, the date of the entertainment, the location of the entertainment, the business purpose of the entertainment, and the business relationship between the taxpayer and the person entertained. Sec. 1.274-5T(b)(5), Temporary Income Tax Regs., supra.

Petitioner asserts that he is entitled to a deduction of 50 percent of $977, which he allegedly spent on meals and

entertainment in 2003. See sec. 274(n). To substantiate his deduction, petitioner offered receipts from various convenience stores, video rental stores, entertainment venues, and restaurants and provided his electricity bills for 2003. Petitioner also testified that he entertained about 100 potential customers or employees during 2003, and he occasionally bought lunches, sodas, and snacks for other employees in order to meet The Men's Warehouse's corporate goal of establishing a "high-quality work environment".

The location of the entertainment activities was frequently apparent from the receipts that petitioner provided, and petitioner testified that he entertained potential customers and employees in his home and provided sodas and snacks for employees at The Men's Warehouse store. However, petitioner provided only vague testimony that he incurred expenses entertaining potential customers and employees, without providing specific names, dates, corroborating evidence that the expenditures were so spent, or evidence that he was not reimbursed for these expenses. He also provided no specific evidence of what the business purposes of the entertainment activities were other than to keep the other employees happy. We are not convinced that petitioner has satisfied the strict substantiation requirements of section 274(d) or that these expenditures were ordinary and necessary expenses as required by section 162(a).

Section 274(e) provides that expenses for food and beverages furnished on the business premises of a taxpayer primarily for his employees may be deductible and are not subject to the strict substantiation requirements of section 274(d). See sec. 1.274-5T(c)(7), Temporary Income Tax Regs., supra. However, this section does not apply to petitioner's expenditures because the employees at the store that petitioner manages are The Men's Warehouse's employees, not petitioner's employees. This section is aimed at expenses that are deductible by an employer because they are in the nature of compensation paid to his employees, which is not true of the expenses in this case. See Haman v. Commissioner, T.C. Memo. 1972-118, affd. 500 F.2d 401 (9th Cir. 1974). Therefore, we find that petitioner has failed to carry his burden, and we will not allow him a deduction for any entertainment or meal expenses.

### 4. Cable Television and Home Telephone

Section 262 provides that personal, living, and family expenses are not deductible unless expressly allowed, and the regulations specify that personal, living, and family expenses include utilities provided to a taxpayer's home unless the taxpayer uses a part of his home for his business. Sec. 1.262-1(b)(3), Income Tax Regs. Section 262(b) specifically disallows any deduction for the first line of basic local telephone service provided to a taxpayer's residence.

After conceding that 10 percent of his telephone use was for nonbusiness uses, petitioner is attempting to deduct $523.44 for cable television and $619.07 for his telephone in 2003. Petitioner has provided no evidence to establish that he uses his home as a place of business. Furthermore, we find that only a small portion of petitioner's cable and telephone use was for business purposes. Therefore, we agree with respondent that petitioner's cable and telephone expenses are nondeductible personal expenses under section 262. Section 262(b) also specifically disallows any deductions for local telephone service. Therefore, we will not allow petitioner a deduction for cable or telephone expenses.

5. <u>Laundry, Dry Cleaning, Cost of Clothing, and Haircuts</u>

Petitioner proposes to deduct $3,604.64 as expenses incurred for purchasing business clothing, laundry and dry-cleaning, and haircuts. Petitioner argues that these are ordinary and necessary business expenses because they were required as a condition of his employment and he would not have made such expenditures if his employer did not require them.

Expenses for uniforms are deductible under section 162(a) if the uniforms are required or essential for employment, are not suitable for general wear, and are not worn as ordinary clothing. <u>Yeomans v. Commissioner</u>, 30 T.C. 757, 767 (1958); <u>Udoh v. Commissioner</u>, T.C. Memo. 1999-174. Petitioner testified that the

clothing he purchased was of a type that people ordinarily wear, although he himself would not wear such clothing if not required to. Therefore, because the clothing that petitioner purchased is suitable for general wear, his clothing expenses are nondeductible personal expenses under section 262, as are the expenses incurred for laundering and dry-cleaning his clothing. Haircuts are nondeductible personal expenses even when required as a condition of employment. See Hynes v. Commissioner, 74 T.C. 1266, 1291-1292 (1980). Therefore, petitioner is not entitled to deduct any of the expenses relating to his appearance.

E. Casualty Loss

Under section 165(a), a taxpayer is allowed a deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise. Petitioner claims that he suffered a $500 casualty loss because he tore his suit on a piece of glass while at work. As discussed in the section above, we have determined that petitioner's business clothing is not considered business property. Thus, he is eligible for a casualty loss deduction only if he meets the requirements of section 165(c)(3) and (h). Under section 165(h), petitioner may deduct his net casualty loss only to the extent that it exceeds 10 percent of his adjusted gross income, or $4,488 for 2003. Therefore, even if we were to accept petitioner's unsubstantiated claim that he suffered a casualty loss of $500, petitioner still fails to meet

the threshold requirement under section 165(h), and thus he is not entitled to a casualty loss deduction.

F.   Tax Preparation Software and Publications

Petitioner claims a deduction for $166.49 for purchases of tax preparation software and publications.  Petitioner failed to introduce any documentation to substantiate his entitlement to this deduction.  See sec. 6001; sec. 1.6001-1, Income Tax Regs. Therefore, we conclude that petitioner is not entitled to deduct the $166.49 for tax preparation software and publications.

III.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax of up to 25 percent of the amount required to be shown as tax for failure to timely file a Federal income tax return, unless the taxpayer shows that the failure is due to reasonable cause and not due to willful neglect.  Sec. 6651(a).

Section 7491(c) places the burden of production on the Commissioner to show that the imposition of an addition to tax or penalty on a taxpayer is appropriate.  To satisfy this burden, the Commissioner must present sufficient evidence that the particular penalty is appropriate to impose on the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If the Commissioner makes such a showing, the burden of proof is on the taxpayer to raise any issues that would negate the appropriateness of the penalty, such as reasonable cause.  Id.

Petitioner was required to file a return for tax year 2003, and he appears to concede this point. See secs. 6011(a), 6012(a). To determine whether a document that a taxpayer files constitutes a valid return for purposes of section 6651(a), we follow the test in Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986). Under the Beard test, a document constitutes a "return" only if it meets four requirements:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

Respondent concedes that petitioner satisfied the second and fourth requirements by filing two documents that purported to be tax returns and by executing both documents under penalties of perjury. However, respondent asserts that neither the Form 1040A nor the Form 1040NR petitioner submitted constitutes a "return" within the meaning of the Beard test because neither form contains sufficient data to calculate tax liability and neither form indicates that petitioner made an honest and reasonable attempt to satisfy the requirements of the tax law. Petitioner does not argue that the unsigned proposed Form 1040 constitutes a return.

This Court has held that a Federal income tax return containing only zero entries, particularly when accompanied by

frivolous arguments that the taxpayer is not liable for Federal income tax, is not considered a valid return because it fails the first and third prongs of the Beard test. See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); Arnett v. Commissioner, T.C. Memo. 2006-134, affd. 99 AFTR 2d 3418, 2007-2 USTC par. 50,575 (10th Cir. 2007); Halcott v. Commissioner, T.C. Memo. 2004-214. We have held that the arguments that the petitioner attached to the purported returns are without merit, and the inclusion of similar arguments on a purported return is an indication that the taxpayer is not making an honest and reasonable attempt to satisfy the requirements of the tax law. Arnett v. Commissioner, supra; Coulton v. Commissioner, T.C. Memo. 2005-199; Halcott v. Commissioner, supra. Therefore, because both the Form 1040A and Form 1040NR that petitioner submitted contained only zero entries for income and were accompanied by frivolous arguments, we find that petitioner did not file a valid return.

Petitioner's only explanation for not filing a valid return is his assertion that an IRS agent failed to inform him that his Form 1040A was not valid. Primary responsibility for filing Federal income tax returns is on the taxpayer, and the absence of an objection from the IRS does not amount to "reasonable cause" for not filing a return under section 6651(a). See United States v. Boyle, 469 U.S. 241, 251 (1985).

Therefore, we find that respondent has carried his burden of production and petitioner has failed to negate his liability. Petitioner is liable for the addition to tax for failure to file a return pursuant to section 6651(a)(1).

IV. Conclusion

On the record before us, we hold that petitioner failed to meet his burden of proving entitlement to a dependency exemption deduction for his daughter for 2003. Furthermore, we find that in addition to the itemized deductions respondent conceded, petitioner would be entitled to an additional $65 deduction for medical and dental expenses. However, our findings do not alter respondent's conclusion that petitioner is not entitled to itemized deductions in an amount greater than the standard deduction, and therefore we sustain his determination that petitioner is entitled only to the standard deduction. Finally, we find that petitioner has not demonstrated reasonable cause for failing to file his 2003 tax return. Therefore, we sustain the imposition of an addition to tax under section 6651(a).

In reaching our holdings, we have considered all the parties' contentions, and to the extent that we have not addressed them, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered</u>

under Rule 155.