T.C. Memo. 2016-21

UNITED STATES TAX COURT

JUAN CARLOS GARCIA AND CARIDAD LEON-GARCIA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 190-14.                          Filed February 16, 2016.

Juan Carlos Garcia and Caridad Leon-Garcia, pro sese.

Lydia A. Branche and Shawna A. Early, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge: With respect to petitioners' Federal income tax for 2010, the Internal Revenue Service (IRS or respondent) determined a deficiency in tax of $12,733 and a penalty of $2,547 under section 6662(a). After concessions, the issues for decision are: (1) whether petitioners are entitled to deductions for unre-imbursed employee business expenses, charitable contributions, and medical

[*2] expenses in excess of the amounts respondent allowed and (2) whether petitioners are liable for the accuracy-related penalty.[1] With certain exceptions, we resolve these issues in respondent's favor.

FINDINGS OF FACT

The parties submitted before trial a partial stipulation of settled issues, a stipulation of facts, and a supplemental stipulation of facts. We incorporate the stipulation of settled issues, the stipulations of facts, and the related exhibits by this reference. Petitioners resided in New Jersey when they filed their petition.

Petitioners, Juan Carlos Garcia and Caridad Leon-Garcia, are married and have two minor children. Mr. Garcia is a truck driver. Early in 2010 he engaged in a job search after his situation with his prior employer deteriorated. In March 2010 he was hired by J.B. Hunt Transport Services and continued working there for the remainder of 2010. Mrs. Garcia worked as an elementary school teacher during 2010.

Petitioners timely filed for 2010 a joint Federal income tax return on which they reported adjusted gross income (AGI) of $131,847. That amount is not in

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), as amended and in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]** dispute. On the attached Schedule A, Itemized Deductions, petitioners reported charitable contributions of $13,279, medical and dental expenses of $37,942, unreimbursed employee business expenses of $25,625, and other expenses of $8,284.

Petitioners prepared their 2010 return using tax return preparation software. The IRS selected this return for examination. Following the examination, the IRS issued them a timely notice of deficiency that denied, for lack of substantiation, most of the deductions they had claimed.[2]

During 2010 Mr. Garcia allegedly incurred travel expenses as part of his employment search and various expenses related to his job as a truck driver. He incurred expenses for meals and lodging while on the road, and he occasionally paid to park his truck at truck stops while eating. He enjoys smoking cigars and testified that he sometimes gave cigars as gifts to workers who unloaded his truck. He purchased clothing and boots to wear for work; some of his shirts were embroidered with his company logo and he paid to have these items cleaned. He pur-

---

[2]The notice of deficiency allowed a charitable contribution deduction of $2,415. The IRS determined that petitioners had adequately substantiated $3,589 of medical expenses, $1,036 of unreimbursed employee business expenses (corresponding to Mrs. Garcia's union dues), and $149 of other expenses (representing tax return preparation fees). However, because these amounts were below the applicable thresholds of sections 213(a) and 67(a), no deductions were allowed for these items.

[*4] chased a cell phone that he used for business and personal purposes. As part of his job, he was required to be present during inspections of his truck, but he was not paid for the time he spent waiting.

During 2010 Mrs. Garcia purchased and wore to work dresses, skirts, blouses, and similar attire acceptable to her school district. These clothes were also acceptable for everyday wear on the street. She bought a laptop computer that enabled her to perform some of her school-related tasks while at home. Petitioners had internet service in their home primarily for personal use, but Mrs. Garcia occasionally used the internet when preparing for class. Petitioners' claimed deduction for "other" expenses included $8,135 of alleged legal and accounting fees; petitioners conceded at trial that these items were nondeductible.

Petitioners have donated cash, property, and their own time to a variety of not-for-profit organizations. The IRS allowed a charitable contribution deduction of $2,415 for certain cash contributions they made in 2010. Petitioners donated an additional $400 to the Catholic Diocese of Trenton and received a letter substantiating this contribution. Petitioners allegedly contributed clothing to AMVETS through unattended donation bins, but they were unable to substantiate these gifts. The remaining contributions in dispute involve the local chapter of the Knights of Columbus (KoC), of which Mr. Garcia was an active member. Petitioners made

[*5] cash gifts to this chapter, St. Mary's Council 11527, and provided meals and financial assistance to the family of a KoC member who lost his job.

During 2010 petitioners and their children required treatment for various medical conditions including diabetes, chronic pain, and scoliosis. In some cases petitioners followed the advice of a medical service provider in treating these conditions, but the disputed pharmacy items did not require prescriptions. Alleged medical expenses that respondent disallowed included those for over-the-counter pain relievers (such as ibuprofen or Aspercreme), diabetic testing supplies, knee braces, shoe inserts, allergy medications, diet products, moisturizers, throat lozenges, and eye drops. Petitioners paid for heating and air conditioning in their home; both were helpful in managing the family's medical conditions, but the utility expenses thus incurred did not exceed what was required for their general comfort. Petitioners also incurred expenses for toiletries such as shampoo, toothpaste, and dental floss.

By way of substantiating these expenses petitioners submitted canceled checks, credit card bills, and bank account statements. While petitioners had receipts for some purchases, the documentation of their medical expenses was poor; and they maintained no contemporaneous records of the amount, timing, or business nature of their alleged unreimbursed employee business expenses.

**[*6]** During the IRS audit they prepared a "log" of their various expenses and contributions. This log included estimates of the total amounts petitioners spent on various items throughout the year (i.e., an estimated price per item multiplied by the estimated number of times it was purchased).

OPINION

## I.     Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer must establish his entitlement to deductions allowed by the Code and substantiate the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. See sec. 7491(a)(1).

Taxpayers must maintain sufficient records to establish their claimed deductions, retain these records for as long as the contents may become material, and keep these records available for inspection. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In certain circumstances, the Court may approximate the amount of an expense if the taxpayer proves it was incurred but cannot substantiate the exact amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). But

**[\*7]** the taxpayer must provide some basis for such an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The failure to keep and produce appropriate records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, at \*17.

II.      Schedule A Deductions

A.      Unreimbursed Employee Business Expenses

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. The determination whether an expenditure satisfies the requirements for deductibility is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). An individual may be in the trade or business of being an employee; ordinary and necessary expenses incurred in that trade or business are deductible. Kurkjian v. Commissioner, 65 T.C. 862, 869 (1976). Expenses incurred in searching for new employment in the employee's existing trade or business may also be deductible business expenses. Cremona v. Commissioner, 58 T.C. 219 (1972); Primuth v. Commissioner, 54 T.C. 374 (1970). Deductions are not available for personal, living, or family expenses. Sec. 262(a).

**[\*8]**        1.        Expenses Subject to Section 274(d)

Section 274(d) prescribes more stringent substantiation requirements for certain categories of expenses. These include "traveling expense (including meals and lodging while away from home)," "any expense for gifts," and expenses "with respect to any listed property." Sec. 274(d)(1), (3), (4). "Listed property" is defined by section 280F(d)(4)(A)(iv) to include "any computer or peripheral equipment." The substantiation requirements of section 274(d) thus apply to petitioners' reported expenses for travel, parking, meals, business gifts, and a laptop computer.

To satisfy the section 274(d) requirements, a taxpayer generally must maintain records and documentary evidence sufficient to establish the amount, date, and business purpose for an expenditure or the business use of listed property. Sec. 1.274-5T(b)(2), (5), (6), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985). In the absence of adequate records, the substantiation requirements can be met by other sufficient evidence corroborating the taxpayer's own statement. See id. para. (c)(3), 50 Fed. Reg. 46020.

Petitioners have not carried their burden of substantiating any of the expenses governed by section 274(d). They produced some receipts and canceled checks, made out to Mr. Garcia or to cash, in an attempt to substantiate travel,

[*9] parking, and meal expenses. Their only "log" was created during the audit and does not establish the timing or business nature of the expenses. While petitioners had receipts for the laptop and numerous cigars, they maintained no contemporaneous documentation to separate personal from business use; their testimony that these items were used exclusively for business purposes was not credible. Because petitioners failed to substantiate properly the expenses subject to section 274(d), we cannot make our own estimate and must disallow in full the deductions they claimed. See Deely v. Commissioner, 73 T.C. 1081, 1101 (1980); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

### 2. Other Trucking Expenses

Mr. Garcia testified that his employer requires him to have a cell phone and that he used that phone exclusively for business purposes. We found this testimony unconvincing, especially given the nature of his occupation. Petitioners have not adequately substantiated any expense connected with business use of Mr. Garcia's cell phone.

Mr. Garcia testified that he spent approximately one hour of unpaid time per day waiting for his truck to be inspected. Petitioners claimed a deduction for the value of this unpaid time. Petitioners have articulated no theory to support this

[*10] claim, nor have they established any expenses that Mr. Garcia incurred in consequence of his downtime. The IRS properly disallowed the claimed deductions.

### 3. Clothing

The cost of clothing may be deductible as a business expense if the clothing is "of a type specifically required as a condition of employment," it is "not adaptable to general usage as ordinary clothing," and "it is not so worn." Pevsner v. Commissioner, 628 F.2d 467, 469 (5th Cir. 1980), rev'g T.C. Memo. 1979-311; Yeomans v. Commissioner, 30 T.C. 757, 767 (1958); see Wasik v. Commissioner, T.C. Memo. 2007-148, 93 T.C.M. (CCH) 1341. If clothing is adaptable to ordinary use, its cost does not qualify for a business expense deduction even though the taxpayer's job causes it to be "subjected to harder use and more wear and tear than usual." Donnelly v. Commissioner, 28 T.C. 1278, 1280 (1957), aff'd, 262 F.2d 411, 412-413 (2d Cir. 1959); see Drill v. Commissioner, 8 T.C. 902, 904 (1947).

The school district did not require Mrs. Garcia to wear a uniform of any kind; the clothing she wore to work was suitable for use as ordinary street wear. Mr. Garcia's boots and work pants, while perhaps heavy duty, were likewise suitable for ordinary usage, and their costs are thus nondeductible. Mr. Garcia

[*11] testified that he purchased from a uniform supplier several shirts embroidered with his employer's logo. While costs of these items might qualify for deduction as a uniform, he submitted substantiation of only one such purchase, for $60.

Because petitioners' AGI in 2010 was $131,847, they can deduct unreimbursed employee business expenses only to the extent such expenses exceeded $2,637 ($131,847 × .02). See sec. 67(a). Respondent conceded that petitioners had substantiated $1,036 of such expenses. Resolving all doubts in favor of petitioners, we conclude that they could substantiate no more than $200 of additional expenses, even if the cost of cleaning Mr. Garcia's work clothes were included. Petitioners' claimed deduction under section 162 must therefore be disallowed in its entirety.

B.    Charitable Contributions

Section 170(a) allows as a deduction contributions made within the taxable year to churches, charities, and other specified entities. See sec. 170(c)(2). No deduction is allowed for a contribution of services; however, unreimbursed travel or similar expenses paid incident to the rendition of services to a charitable organization may be deductible. Smith v. Commissioner, 60 T.C. 988 (1973); sec. 1.170A-1(g), Income Tax Regs. Charitable contributions are allowable as

[*12] deductions "only if verified under regulations prescribed by the Secretary." Sec. 170(a)(1). The nature of the required substantiation depends on the size of the contribution and whether it is a gift of cash or property. See sec. 1.170A-13, Income Tax Regs.

For all contributions, taxpayers are required to keep "reliable written re-cords," such as canceled checks or receipts, establishing the identity of the donee and the date and amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. For noncash contributions additional documentation is required. See id. para. (b)(1). Factors indicating that records are reliable include "[t]he contemporaneous nature of the writing evidencing the contribution" and the regularity of the taxpayer's recordkeeping procedures. Id. para. (a)(2)(i). For contributions of $250 or more, the taxpayer must obtain a "contemporaneous written acknowledgment" from the donee. Sec. 170(f)(8)(A). Additional and more stringent substantiation requirements are imposed for contributions of property with a claimed value exceeding $500. See sec. 170(f)(11)(B).

The IRS concluded that petitioners had substantiated cash contributions of $2,415. For the other reported contributions, petitioners generally did not have contemporaneous records or receipts but relied on a "log" they created during the

[*13] audit. Finding this inadequate, the IRS disallowed the balance of the claimed deduction for lack of substantiation.

In an effort to substantiate charitable contributions in addition to the $2,415 that the IRS allowed, petitioners produced at trial a letter dated July 10, 2010, from the Diocese of Trenton indicating that they had made a $400 contribution to the Bishop's Annual Appeal. This letter, which states that petitioners received no goods or services in exchange, appears to qualify as a "contemporaneous written acknowledgment" under section 170(f)(8). We will therefore allow an additional charitable contribution deduction of $400.

Petitioners claimed a deduction of $390 for travel expenses allegedly incurred in performing services for their church. Petitioners provided no contemporaneous record of this travel and no evidence as to how this amount was computed. They likewise produced no evidence that they performed distinct services for their church apart from attending regular worship services. We conclude that the IRS properly disallowed this claimed deduction.

Petitioners claimed a deduction of $3,560 for clothing allegedly donated to AMVETS during 2010. During the IRS examination petitioners created a "log" listing approximately 450 articles of clothing, along with a value supposedly de-

[*14] rived from a valuation tool included in their tax return preparation software. Petitioners testified that these gifts were made through an unattended donation bin.

To substantiate these alleged contributions, petitioners submitted a letter from AMVETS dated August 2014. This letter, which petitioners secured during the IRS audit, was not a "contemporaneous written acknowledgment" of their alleged 2010 gifts. See sec. 170(f)(8)(C). Petitioners likewise have not satisfied the additional substantiation requirements for gifts of property valued in excess of $500. See sec. 170(f)(11)(B), (F) (providing that "similar items of property" must be aggregated in determining whether contribution exceeds the $500 threshold); sec. 1.170A-13(b)(3), Income Tax Regs. And petitioners submitted no evidence that the clothing they allegedly contributed was "in good used condition or better." See sec. 170(f)(16)(A). For all these reasons, the IRS properly disallowed this claimed deduction.

Petitioners claimed a deduction of $5,350 for gifts of cash and property to their local KoC chapter, of which Mr. Garcia was a member. Before determining whether petitioners have adequately substantiated these gifts, we must decide whether they have met their burden of establishing that the donee entity was recognized by the IRS as an organization described in section 501(c)(3) and entitled to

**[\*15]** receive tax-deductible contributions under section 170(c)(2). We conclude that they have not met this burden.

Petitioners presented no evidence establishing that their local KoC chapter was eligible to receive tax-deductible contributions. An undated letter from the chapter states only that it is a "not for profit organization [that] works very closely with the charities of the Roman Catholic Church." This letter indicates that the chapter is organized under section 501(c), but many entities tax-exempt under section 501(c), such as civic leagues, social clubs, and fraternal societies, are ineligible to receive tax-deductible contributions. See sec. 501(c)(4), (7), (8). We take notice that neither the KoC nor any of its local councils is listed on the IRS master list of section 501(c)(3) organizations.[3] Petitioners also did not establish that their

---

[3]A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding whether or not the parties request it. See Fed. R. Evid. 201(a), (c); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that the court "may take judicial notice of court filings and other matters of public record"); United States v. Harris, 331 F.2d 600, 601 (6th Cir. 1964) (explaining that a court may take judicial notice sua sponte). In general, a court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

[*16] gifts were to be used exclusively for any exempt purpose.[4] We accordingly conclude that the IRS properly disallowed the claimed deductions.

## C. Medical Expenses

As in effect for 2010, section 213(a) allowed as a deduction "the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent," to the extent that such expenses exceeded 7.5% of AGI.[5] "Medical care" is defined to include expenditures "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body." Sec. 213(d)(1)(A). Medical expense deductions are "confined strictly to expenses incurred primarily" for these purposes. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. Such deductions must thus satisfy a "but for" test: The taxpayer must show that the expenditure was an essential element of the treatment and that it "would not have otherwise been incurred for nonmedical reasons." Jacobs v. Commissioner,

---

[4]Section 170(c)(4) defines "charitable contributions" to include amounts given by an individual to a domestic fraternal society but only if the contribution or gift is to be used exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals.

[5]The AGI floor was raised to 10% for taxable years beginning after December 31, 2012. See Patient Protection and Affordable Care Act, Pub. L. No. 111-148, sec. 9013(a), 124 Stat. at 868 (2010).

**[\*17]** 62 T.C. 813, 819 (1974); <u>Stringham v. Commissioner</u>, 12 T.C. 580, 584-585 (1949), <u>aff'd per curiam</u>, 183 F.2d 579 (6th Cir. 1950). Inquiries of this nature are primarily factual.

Amounts paid for medicine and drugs, including over-the-counter medications, are deductible "only if such medicine or drug is a prescribed drug or is insulin." Sec. 213(b). The term "prescribed drug" means "a drug or biological which requires a prescription of a physician for its use by an individual." Sec. 213(d)(3). Expenses for items such as toothpaste, shaving cream, toiletries, and cosmetics are not deductible as costs of medicine or drugs. Sec. 1.213-1(e)(2), Income Tax Regs. Likewise, the expenses of maintaining a household, including rent and utilities, are not deductible. Sec. 1.262-1(b)(3), Income Tax Regs.

Petitioners deducted as medical expenses the full cost of heating and cooling their home, along with their expenditures for lawn service. To support the medical necessity of these items, petitioners submitted letters from alleged health-care providers, several of which are suspect on their face. In any event, petitioners did not establish that these expenses exceeded what was required for their general comfort or that these expenses "would not have otherwise been incurred for non-medical reasons." <u>See</u> <u>Jacobs v. Commissioner</u>, 62 T.C. at 819; <u>see also</u> <u>Randolph</u>

**[*18]** <u>v. Commissioner</u>, 67 T.C. 481 (1976); <u>Harris v. Commissioner</u>, 46 T.C. 672 (1966).

Petitioners allegedly spent considerable sums on over-the-counter pharmacy items, such as pain relievers, diet products, eye drops, skin care products, and allergy medications. While these items are no doubt beneficial to petitioners and their family, section 213 does not allow a deduction for amounts spent to purchase a medicine or drug for which no prescription is required. Sec. 213(b), (d)(3). Nor are deductions allowed for items such as toothpaste, dental floss, shampoo, shaving cream, or similar personal items. Sec. 1.213-1(e)(2), Income Tax Regs.

Petitioners' testimony established that they incurred medical expenses in 2010 for treatment for scoliosis and for testing blood sugar. However, resolving all evidentiary doubts in petitioners' favor, the additional expenses they could be thought to have substantiated, besides the $3,589 that respondent conceded, could not exceed $2,000. Because petitioners' AGI in 2010 was $131,847, section 213 would allow a deduction only to the extent petitioners' deductible medical expenses exceeded $9,889 ($131,847 × .075). The IRS properly disallowed their claimed deduction in its entirety.

**[\*19]** III.     Accuracy-Related Penalty

The Code imposes a 20% penalty upon the portion of any underpayment of tax that is attributable (among other things) to "[a]ny substantial understatement of income tax." Sec. 6662(a), (b)(2). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with respect to the liability of an individual for any penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Taking into account the additional deduction that we have allowed, there is an understatement in petitioners' 2010 income tax in excess of $14,000. This amount comfortably exceeds both $5,000 and 10% of the total tax required to be shown on their 2010 return. Respondent has thus carried his burden of production by demonstrating a "substantial understatement of income tax." See sec. 7491(c).

The section 6662 penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith" with respect to it. Sec. 6664(c)(1). The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec.

**[\*20]** 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is a taxpayer's effort to ascertain his or her tax liability correctly.  Other circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Ibid.

Petitioners offered no evidence that they attempted to ascertain their tax liability correctly.  They had no colorable basis for deducting most of their personal expenses, and they had few if any reliable contemporaneous records.  They do not contend that they relied on the advice of a competent tax professional in taking these positions.  See sec. 1.6664-4(c)(1), Income Tax Regs.

Mr. Garcia understood that the KoC chapter to which he belonged was a not-for-profit entity.  But he made no effort to determine whether it was an organization entitled to receive tax-deductible contributions; he received no contemporaneous written acknowledgment letter from it; and he kept no contemporaneous record of his alleged gifts.  Given the receipts and acknowledgment letters that petitioners received and maintained from their church and from other charities, they were clearly aware of the documentation they should have sought and received.  We accordingly sustain the accuracy-related penalty in its entirety.

**[*21]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.