T.C. Summary Opinion 2018-7

UNITED STATES TAX COURT

RICK COLBERT AND TRACI MARIE KRUSE-COLBERT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14117-16S.                    Filed February 6, 2018.

Rick Colbert and Traci Marie Kruse-Colbert, pro sese.

<u>Miles B. Fuller</u> and <u>Jeri L. Acromite</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect
for the year in issue, and all Rule references are to the Tax Court Rules of Practice
and Procedure.  We round all monetary amounts to the nearest dollar.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

With respect to petitioners' Federal income tax for 2013, the Internal Revenue Service (IRS or respondent) determined a deficiency of $4,138. This deficiency is attributable to the disallowance of miscellaneous itemized deductions that petitioners claimed on Schedule A, Itemized Deductions. Finding that petitioners have established their entitlement to deduct the underlying expenses only in part, we will sustain most of the deficiency that respondent has determined.

## Background

The parties filed a stipulation of facts that is incorporated by this reference. Petitioners resided in Arizona when they timely petitioned this Court.

Petitioner husband (petitioner) is a former policeman who retired after 30 years of service for the Long Beach, California, Police Department. During 2013 he was employed by Screen International Security Service Ltd. (SISS) in Beverly Hills, California. He earned these wages by performing security services for Hollywood celebrities to whom SISS assigned him.

Petitioner worked from home and traveled daily among celebrities' residences and other worksites. He performed a wide range of tasks for these celebrities: chauffering them to appointments, deflecting paparazzi, monitoring construction

at their homes, installing and monitoring security devices, patrolling their estates, performing access control for visitors and guests, and responding to emergency and distress calls. He had a concealed weapon permit and carried a pistol during most of the time he was working.

SISS had a reimbursement policy for certain expenses incurred by its employees. This policy covered expenses incurred "as part and parcel of a security detail," including "vehicle costs, parking, necessary purchases, and client requests." SISS cautioned its security professionals that "client requests should always be cordially accommodated, unless outside the realm of reasonability." Expenses were eligible for reimbursement only if incurred by the employee while acting as a chauffer or escorting a client to an event. Expenses incurred by an employee in his individual capacity--e.g., costs of traveling to client locations or maintaining a concealed weapon license--were not eligible for reimbursement. Petitioner did not seek reimbursement from SISS for any expenses.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for 2013. As relevant here, petitioner reported wages of $25,546 from SISS and miscellaneous expenses of $23,965 on Schedule A. These included unreimbursed employee business expenses of $23,552 connected with his work for SISS; tax preparation fees of $225; and other expenses of $188. After applying the 2% floor

prescribed by section 67(a), petitioners claimed a miscellaneous itemized deduction of $19,599.  In a timely notice of deficiency the IRS disallowed this deduction for lack of substantiation and made a computational adjustment to petitioners' alternative minimum tax.  They timely petitioned this Court for redetermination.

## Discussion

A.    Governing Statutory Framework

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioner does not contend that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

Deductions are a matter of legislative grace; the taxpayer bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of expenses underlying claimed deductions.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Section 162(a) allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."  The term "trade or business" includes performing services as an employee.  Primuth v.

<u>Commissioner</u>, 54 T.C. 374, 377-378 (1970).  Unless otherwise provided no deduction is allowed for "personal, living, or family expenses."  Sec. 262(a).

Section 274(d) imposes relatively strict substantiation requirements for deductions claimed for (among other things) "listed property."  Listed property includes "any passenger automobile" and "any computer or peripheral equipment."  Sec. 280F(d)(4)(A)(i), (iv).  No deduction is allowed under section 274(d) with respect to listed property unless the taxpayer substantiates, by adequate records or by sufficient evidence corroborating his own statements, the amount, time and place, and business purpose for each expenditure.  Sec. 1.274-5T(a), (b), and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

B.    <u>Analysis</u>

Respondent agreed at trial that petitioner is entitled to deductions of $107 for tax preparation fees, $4,891 for mileage expenses for his vehicle, and $520 for security licensing and training expenses.  We find that petitioner is also entitled to deductions of $133 for parking and tolls and $58 for job search expenses.  Respondent agreed at trial that petitioner had substantiated most of the other expenses at issue but questioned whether these amounts were "ordinary and necessary" expenses of his business as a security professional.  We consider these items in turn.

1.    On-Duty Security Expenses

Petitioner incurred $1,154 of expenses for replacement of his duty pistol and for target practice.  He was required to carry a concealed weapon while on duty, and he credibly testified that SISS' reimbursement policy did not cover these types of expenses.  We find that they were "ordinary and necessary."  We likewise find deductible his expenditure of $86 for an earbud (to avoid annoying celebrity clients), $26 for a flashlight (for evening patrols on celebrity estates), and $92 for sanitary handwipes and similar expenses that he paid while on duty.

2.    Clothing

SISS provided petitioner with a blue jacket or vest that constituted his uniform.  Apart from that he was required to wear khaki trousers and polo shirts or similar attire.  He claimed deductions of $1,111 for the purchase of clothing and shoes worn to work and $600 for the estimated cost of dry cleaning of his work attire.

We find that none of these expenses is deductible.  The clothing and shoes were suitable for use as ordinary street wear, and their costs are thus nondeductible.  See Donnelly v. Commissioner, 28 T.C. 1278, 1280 (1957); Garcia v. Commissioner, T.C. Memo. 2016-21, 111 T.C.M. (CCH) 1087, 1090.  The cost of dry cleaning clothes worn to work is likewise a nondeductible personal expense.  See

Boltinghouse v. Commissioner, T.C. Memo. 2007-324, 94 T.C.M. (CCH) 416, 422.

### 3. Other Personal Expenses

Petitioner incurred expenses of $290 for newspapers and magazines, $875 for a gym membership and weight loss pills, $358 for satellite radio, and $86 for membership in Amazon Prime. Petitioner testified that he needed to look good and be informed of local events in order to impress his celebrity clients. We conclude that these costs were not "ordinary and necessary" expenses of his business but rather were "personal, living, or family expenses" nondeductible under section 262(a). See Heinbockel v. Commissioner, T.C. Memo. 2013-125, 105 T.C.M. (CCH) 1733, 1746.

### 4. Home Office Expenses

Petitioner worked from home when not in his car or detailed to celebrity residences. He claimed a deduction of $2,750 for home office expenses, a deduction of $133 for office supplies, and a deduction of $1,603 for an iPad, printer, and related items. No deduction is allowed with respect to a home office unless, as relevant here, "allocable to a portion of the dwelling unit which is exclusively used on a regular basis" as the taxpayer's principal pace of business. Sec. 280A(a), (c)(1). Petitioner admitted that the room he used as a home office was not used exclusive-

ly for that purpose; it was also used (among other things) as a spare bedroom and exercise room. He therefore is not entitled to any home office deduction. See ibid.; Scully v. Commissioner, T.C. Memo. 2013-229, 106 T.C.M. (CCH) 384, 389. We will, however, allow his claimed deduction of $133 for office supplies as an expense sufficiently related to his business.

"Listed property" expenses requiring strict substantiation under section 274(d) include costs of any computer or peripheral equipment as defined in section 168(i)(2)(B). See sec. 280F(d)(4)(A)(iv). Petitioner's iPad constitutes a "computer" because it is a "programmable electronically activated device" within the meaning of section 168(i)(2)(B)(ii). And his printer constitutes "related peripheral equipment" because it is "designed to be placed under the control of the central processing unit of a computer." See sec. 168(i)(2)(B)(iii).[2]

Petitioner provided no credible evidence to establish the extent to which he used his iPad and/or printer in connection with his business as a security profes-

---

[2]Computers and peripheral equipment are excepted from the definition of "listed property" if "used exclusively at a regular business establishment and owned * * * by the person operating such establishment." Sec. 280F(d)(4)(B). A home office qualifies as a regular business establishment "if (and only if) the requirements of section 280A(c)(1) are met" with respect to that space. Ibid. Since petitioner does not meet the requirements of section 280A(c)(1) for the deduction of home office expenses, the exception set forth in section 280F(d)(4)(B) is inapplicable here.

sional rather than for personal purposes. Because he has failed to satisfy the strict substantiation requirements of section 274(d) for listed property, we will sustain respondent's disallowance of a deduction for these items. See Garcia, 111 T.C.M. (CCH) at 1090; DeLima v. Commissioner, T.C. Memo. 2012-291, 104 T.C.M. (CCH) 463, 467-468.

5.     Utility Expenses

Petitioner claimed a deduction of $4,573 for Verizon service and $430 for the purchase of an iPhone and cover. The Verizon bills included not only wireless service for both petitioners but also basic telephone, internet, and television service for their home. Section 262(b) provides that, "in the case of an individual, any charge * * * for basic local telephone service with respect to the 1st telephone line provided to any residence of the taxpayer shall be treated as a personal expense." Moreover, petitioner provided no credible evidence to establish (1) the extent to which he used his cell phone for business purposes[3] or (2) the extent to which the Verizon charges corresponded to business use of his cell phone. We accordingly

---

[3]For 2013 cell phones were not "listed property" under section 280F(d)(4), and petitioners thus were not required to meet the strict substantiation requirements of section 274(d). However, petitioner must still show that he used his cell phone for business rather than personal purposes and provide some credible evidence to establish the extent of business use.

sustain respondent's disallowance of a deduction for these expenses.  See <u>Luczaj</u> <u>& Assocs. v. Commissioner</u>, T.C. Memo. 2017-42, 113 T.C.M. (CCH) 1187, 1190.

In sum, we find that petitioners have substantiated $107 of deductible tax preparation fees and $7,093 of "ordinary and necessary" business expenses that were not reimbursed (and did not qualify for reimbursement) by petitioner's employer:  $5,024 for vehicle expenses, $1,358 for on-duty security costs, $520 for security licensing and training, $133 for office supplies, and $58 for job search expenses.  We sustain respondent's disallowance of the other miscellaneous expense deductions petitioners claimed on their Schedule A.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.